UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Great American Insurance Company<br><br>Plaintiff<br><br>v.<br><br>Allen Interior Systems, Inc., DRN, Inc.<br>d/b/a Northern Interior Systems,<br>Guy Allen and Serge Roy<br><br>Defendants | Docket No. 04-10756(MEL) |

## DEFENDANT SERGE ROY'S
## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

The Defendant, Serge Roy (the "Defendant" or "Roy"), respectfully answers and responds to the Complaint filed by Great American Insurance Company ("Great American" or the "Plaintiff") as follows:

### Parties

1.      The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this Paragraph and, therefore, denies them.

2.      The Defendant Roy admits that Defendant Northern Interior Systems ("Northern") is a New Hampshire corporation. Except for the allegations specifically admitted herein, the Defendant Roy denies each and every other allegation made by the Plaintiff in this paragraph.

3. The Defendant Roy need not answer or otherwise respond to the allegations made by the Plaintiff in this paragraph because they do not relate or pertain in any way to Defendant Roy. Except for the allegations specifically admitted herein, the Defendant Roy denies each and every other allegation made by the Plaintiff in this paragraph.

4. The Defendant Roy admits the allegations made in this paragraph.

5. The Defendant Roy admits that he is an individual. Except for the allegations specifically admitted herein, the Defendant Roy denies each and every other allegation made by the Plaintiff in this paragraph.

### Jurisdiction

6. The Defendant Roy denies the allegations made in this paragraph.

### Background

7. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this Paragraph and, therefore, denies them.

8. The Defendant Roy admits the allegations made in this paragraph.

9. The Defendant Roy admits the allegations made in this paragraph.

10. The Defendant Roy admits the allegations made in this paragraph.

11. The Defendant Roy admits the allegations made in this paragraph.

### The Stateline Bonds

12. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

13. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

**The Northern Bonds**

14. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

15. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

16. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

17. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

18. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

19. The Defendant Roy admits that the document referred to in this Paragraph contains the quoted text, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

20. The Defendant Roy admits that the document referred to in this

Paragraph contains the quoted text, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

21. The Defendant Roy admits that the document referred to in this Paragraph contains the quoted text, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

22. The Defendant Roy admits that the document referred to in this Paragraph contains the quoted text, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

23. The Defendant Roy admits that the document referred to in this Paragraph contains the quoted text, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

24. The Defendant Roy admits that he has not reimbursed Great American. Except for the allegations specifically admitted herein, the Defendant Roy denies each and every other allegation made by the Plaintiff in this paragraph.

25. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

26. The Defendant Roy denies the allegations made in this paragraph.

### Count I

### (Indemnity)

27. The Defendant Roy reiterates each and every answer and response made to the allegations incorporated by reference in this paragraph.

28. The Defendant Roy does not have sufficient information to form a reasonable belief as to the completeness and truth of the allegations made in this paragraph and, therefore, denies them.

29. The Defendant Roy admits that he has not yet held Great American harmless except for having caused Stateline to file a Chapter 11 proceeding to protect its assets for creditors, including Great American, and made the arrangements necessary for Northern to do so as well. Except for the allegations specifically admitted herein, the Defendant Roy denies each and every other allegation made by the Plaintiff in this paragraph. By way of further answer, the Defendant Roy asserts that Stateline and Northern have sufficient assets to reimburse Great American for the costs and expenses incurred in honoring its obligations under the Bonds as long as such costs and expenses are reasonably necessary and reasonable in amount.

30. The conclusions expressed in this paragraph do not require an answer or any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

## Count II

### (Common Law Indemnity)

31. The Defendant Roy reiterates each and every answer and response made to the allegations incorporated by reference in this paragraph.

32. The conclusions expressed in this paragraph do not require an answer or any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

33. The conclusions expressed in this paragraph do not require an answer or

any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

### Count III

### (Breach of Contract)

34. The Defendant Roy reiterates each and every answer and response made to the allegations incorporated by reference in this paragraph.

35. The Defendant Roy admits that the document referred to in this Paragraph contains text consistent with the allegation made in this paragraph, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

36. The Defendant Roy denies the allegations made in this paragraph.

37. The conclusions expressed in this paragraph do not require an answer or any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

### Count IV

### (Specific Performance)

38. The Defendant Roy reiterates each and every answer and response made to the allegations incorporated by reference in this paragraph.

39. The Defendant Roy admits that the document referred to in this Paragraph contains text consistent with the allegation made in this paragraph, but denies the implication that the text or the document itself defines the parties relationship under the document and law.

### Count V

### (Specific Performance)

40. The Defendant Roy reiterates each and every answer and response made to the allegations incorporated by reference in this paragraph.

41. The conclusions expressed in this paragraph do not require an answer or any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

### Count VI

### (Quia Timet/Exoneration)

42. The Defendant Roy reiterates each and every answer and response made to the allegations incorporated by reference in this paragraph.

43. The conclusions expressed in this paragraph do not require an answer or any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

44. The conclusions expressed in this paragraph do not require an answer or any other response. To the extent that an answer or response is required, the Defendant Roy denies the allegations made in this paragraph.

45. The Defendant Roy denies the allegations made in this paragraph.

### Affirmative Defenses

46. Breach of contract.

47. Recoupment.

48. Setoff.

49. Lack of personal jurisdiction.

50. Lack of subject jurisdiction.

51. Impossibility.

52. Failure to mitigate damages.

53. Failure or inability to join one or more necessary defendants.

54. Failure to state a claim on which relief can be granted by this Court.

### Cross Claims Against Other Defendants

55. If, and to the extent that Defendant Roy is found liable to the Plaintiff, then the Defendants Stateline, Northern, Guy Allen and/or Allen Interior Systems, Inc. are liable to Serge Roy to the same extent as Guy Allen and Allen Interior Systems, Inc. are liable to the Plaintiffs on the basis of unjust enrichment, common law indemnity, and such other bases as may be allowed by law.

### Reservation of Rights

56. The Defendant Roy reserves the right to (1) amend this Answer as a matter of right or with leave of this Court to the extent permitted by FRCP 15, (2) join such persons as may be needed for a just adjudication to the extent permitted by FRCP 19, (3) join as Defendants such persons who are or may be jointly or severally liable with the Defendant Roy pursuant to FRCP 20 and (4) file such third party complaints against any of the other Defendants and others who are or may be liable to the Defendant Roy for all or part of the damages claimed by the Plaintiff.

Respectfully submitted,

SERGE ROY

By one of his attorneys

Dated: July 2⁶, 2004

David W. Carr, Esq.

4 Newman Way
Arlington MA 02174

and

William S. Gannon, Esq.
WILLIAM S. GANNON PLLC
889 Elm St., 4th Fl.
Manchester NH 03101
PH: 603-621-0833
FX: 603-621-0830

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Pleading on each person named below by causing it to be mailed by first-class United States Mail, postage pre-paid:

Jonathan Burwood, Esq.
Cetrulo & Capone, LLP
Two Seaport Lane
Boston MA 02210

Richard B. Couser, Esq.
D'Amante Couser Steiner Pellerin, P.A.
Nine Triangle Park Drive
PO Box 2650
Concord NH 03302-2650

Grenville Clark, III, Esq.
Wendell & Clark, PC
Center of New Hampshire
650 Elm Street
Manchester NH 03101

Dated: July 26, 2004

/s/ Jeanne Arquette-Koehler
Jeanne Arquette-Koehler
Mary Ann Joyce