UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 21  P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 04-10756 (MEL) |
| v. | ) ) | |
| ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| ALLEN INTERIOR SYSTEMS, INC., and GUY ALLEN, | ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | |
| SERGE ROY, and DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, | ) ) ) | |
| Counterdefendants. | ) ) | |

## JOINT STATEMENT FOR SCHEDULING CONFERENCE

Pursuant to the Notice of Scheduling Conference dated July 22, 2004, and consistent with Local Rule 16.1, and Rules 16(b) and 26(f), Fed.R.Civ.P., counsel for the above-captioned parties have conferred and submit the following:

**I.     Plaintiff's Brief Statement of the Case**

On or about April 9, 2002, Defendants executed an Agreement of Indemnity ("Indemnity Agreement") in favor of Great American. As a direct and proximate result of the Defendants executing the Indemnity Agreement, and in reliance thereon, Great American, as surety, executed Subcontract Performance and Payment Bonds (the

"Bonds") at the request and on behalf of Defendant DRN, Inc. d/b/a Northern Interior Systems ("Northern") and non-party indemnitor Stateline Drywall, Inc. ("Stateline")[1], as principals, for the benefit of various obligees, to secure the performances of Northern and Stateline on the following construction projects throughout New England (the "Bonded Projects"):

    1.    Renovations to the Algonquin Regional High School in Northborough, Massachusetts (the "Algonquin Project")

    2.    Manchester Airport West Terminal Expansion in Manchester, New Hampshire (the "Manchester Project").

    3.    Construction of the New Lincoln-Sudbury Regional High School (the "Lincoln-Sudbury Project")

    4.    Hawthorne Apartments at Gillette Ridge (the "Hawthorne Project")

In February 2004, Northern and Stateline defaulted on the Bonded Projects. As a direct result, Great American has sustained, and continues to sustain, losses in connection with satisfying its obligations under the Bonds, including making arrangements for completion of the Bonded Projects, payment of the legitimate claims of subcontractors, suppliers, and laborers who are entitled to recover under the Bonds, attorneys' fees, expenses, and interest, in a total amount in excess of $3,305,000.00.

As indemnitors, Defendants are liable to Great American for all losses incurred in connection with the Bonds, including the costs, expenses, and attorneys' fees incurred

---

[1] Stateline is presently in the midst of a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of New Hampshire, Case No. 04-11348-MWV.

in prosecuting this action. Despite Great American's demand upon the Defendants to hold it harmless, the Defendants have failed and/or refused to reimburse Great American in accordance with their obligations under the Indemnity Agreement.

Great American commenced this action to recover its losses, including the attorneys' fees and legal expenses incurred as a result of this litigation, all of which are recoverable under the specific terms and conditions of the Indemnity Agreement.

## II.     Guy Allen and Allen Interior Systems, Inc.'s Brief Statement of the Case

Allen Interior Systems, Inc. ("AIS") and Guy Allen individually deny that they are in any way liable to Plaintiff in this matter. AIS is a construction contracting company that is solely owned and operated by Guy Allen. It is not related in any way to any of the other defendants nor to non-party indemnitor Stateline Drywall, Inc. Guy Allen is the sole owner and officer of AIS, and no other person is authorized to act on its behalf. In particular, Serge Roy is not a Vice President of AIS and had no authority to make agreements or to sign documents on behalf of AIS or Guy Allen.

Guy Allen did not assent to or sign the Indemnity Agreement on his own behalf or on behalf of AIS. Guy Allen did not authorize anyone else to assent to the Indemnity Agreement on his behalf as an individual or on behalf of AIS. As a result, neither Guy Allen nor AIS are a party to the Indemnity Agreement or bound thereby.

In addition, regardless of whether Massachusetts or New Hampshire law applies, the statute of frauds will bar the enforcement of the Indemnity Agreement as against either AIS or Guy Allen. As regards AIS and Guy Allen, the Indemnity Agreement is a promise to answer for the default of another; it can therefore not be

enforced absent a writing that meets the requirements of the statute of frauds. Because Guy Allen did not sign or authorize signature of the Indemnity Agreement, and because no other person is authorized to act on behalf of AIS or Guy Allen individually, the writing does not meet the signature requirement of the statute of frauds. The Indemnity Agreement cannot therefore be enforced against AIS or Guy Allen.

In the event that AIS or Guy Allen are found liable in this action, then Defendants DRN, Inc., d/b/a Northern Interior Systems, Inc. and Serge Roy are liable to AIS and Guy Allen to the same extent, on the basis of unjust enrichment and common law indemnity.

AIS and Guy Allen also incorporate by reference their answer to Plaintiff's complaint, and reserve the right to modify this Brief Statement in accordance with information obtained during discovery.

## III.    Serge Roy's Brief Statement of the Case

The defendant Roy disputes the amount of claims that have had to be paid, will have to be paid by the plaintiff. The defendant's liability with respect to subcontractor, supplier and labor claims is limited to the amount of payments required the Bond that were reasonable and amount. The defendant's liability for attorneys' fees and other costs is limited to the amount reasonable incurred by the plaintiff. Further, the defendant's liability should be limited to the amount due after the application of the contract proceeds and the amount of dividends paid to the plaintiff in the pending New Hampshire bankruptcy cases.

## IV.    DRN, Inc. d/b/a Northern Interior Systems

On or about August 12, 2004, Grenville Clark, III waived service of summons upon Defendant DRN, Inc. d/b/a Northern Interior Systems ("DRN"). Pursuant to Fed. R. Civ. P. 4(d)(3), DRN's responsive pleading was due to be filed with the Court on or about September 13, 2004. To date, DRN has not filed a responsive pleading. Consistent with the conversation between Plaintiff's counsel and counsel for DRN on September 21, 2004, it is Plaintiff's understanding that DRN intends to file a bankruptcy petition in the United States Bankruptcy Court for the District of New Hampshire in the coming days. As such, counsel for DRN indicated that he did not have any contribution to this Joint Statement.

## V.    Proposed Agenda of Matters to be Discussed at Scheduling Conference

Establishment of pretrial schedule, including discovery, motions and case management conferences.

## VI.    Proposed Pretrial Schedule

| Event | Deadline |
|---|---|
| Service of Rule 26 initial disclosures | October 12, 2004 |
| Service of written discovery | December 15, 2004 |
| All motions filed under Rules 12, 19 & 20, Fed.R.Civ.P. | December 15, 2004 |
| Complete non-expert discovery, including depositions | March 15, 2005 |
| Deadline for Plaintiff's expert disclosures | May 15, 2005 |
| Deadline for Defendants' expert disclosures | June 15, 2005 |
| Deadline for Defendants to depose Plaintiff's trial expert | July 15, 2005 |

Deadline for Plaintiff to depose Defendants' trial experts     September 15, 2005

Deadline for Summary Judgment Motions     November 15, 2005

## VII. Trial by Magistrate

Great American does not consent to a trial by Magistrate Judge.

Guy Allen and AIS do not consent to a trial by Magistrate Judge.

Serge Roy does consent to a trial by Magistrate Judge.

## VIII. Certifications of Conference Regarding Budget and Alternative Dispute Resolution

Certifications pursuant to Local Rule 16.1(D) will be provided by each party under separate cover.

Respectfully submitted,
**Great American Insurance Company**
By its attorneys,



Bradford R. Carver, BBO #565396
Jonathan C. Burwood, BBO #643674
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500

Respectfully submitted,
**Allen Interior Systems, Inc. and
Guy Allen**
By their attorneys,

_____ For

Richard B. Couser, BBO #645543
D'Amante Couser Steiner Pellerin, P.A.
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650

Respectfully submitted,
**Serge Roy**
By his attorneys,


_Jonella Belwool_ For

William S. Gannon
889 Elm Street
Manchester, NH 03101

Of Counsel:

David W. Carr
4 Newman Way
Arlington, MA 02174