UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Great American Insurance Company ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> Allen Interior Systems, Inc., DRN, Inc. ) <br> d/b/a Northern Interior Systems, ) <br> Guy Allen and Serge Roy ) <br> ) <br> Defendants ) <br> ) | Docket No: 04-10756(MEL) |

### AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS
### OF ALLEN INTERIOR SYSTEMS, INC. AND GUY ALLEN

Allen Interior Systems, Inc. and Guy Allen by and through their Attorneys D'Amante Couser Steiner Pellerin, P.A. hereby answer the Complaint of Great American Insurance Company as to themselves as follows:

### PARTIES

1. Allen Interior Systems, Inc. and Guy Allen are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, but assume for the purposes of this Complaint that the information is true.

2. Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph of the Complaint.

1

3.  Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph.

4.  Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph of the Complaint.

5.  Allen Interior Systems, Inc. and Guy Allen are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURISDICTION

6.  Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph of the Complaint.

## BACKGROUND

7.  Allen Interior Systems, Inc. and Guy Allen are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.  Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph of the Complaint.

9.  Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph of the Complaint.

10. Allen Interior Systems, Inc. and Guy Allen admit the allegations contained in this paragraph of the Complaint.

11. Allen Interior Systems, Inc. and Guy Allen deny the allegations contained in this paragraph of the Complaint.

**The Stateline Bonds**

12. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

13. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

**The Northern Bonds**

14. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

15. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

16. Allen Interior Systems, Inc. and Guy Allen are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Allen Interior Systems, Inc. and Guy Allen are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Allen Interior Systems, Inc. and Guy Allen deny the allegations contained in this paragraph of the Complaint.

19. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

20. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

21. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

22. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

23. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

24. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

25. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

26. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

## COUNT I

### (Indemnity)

27. Allen Interior Systems, Inc. and Guy Allen repeat and incorporate by reference each of the answers contained in paragraphs 1 through 26 above as if set forth at length here.

28. Allen Interior Systems, Inc. and Guy Allen deny the allegations contained in this paragraph of the Complaint.

29. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

30. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

## COUNT II

### (Common Law Indemnity)

31.  Allen Interior Systems, Inc. and Guy Allen repeat and incorporate by reference each of the answers contained in paragraphs 1 through 30 above as if set forth at length here.

32.  Allen Interior Systems, Inc. and Guy Allen deny the allegations contained in this paragraph of the Complaint.

33.  The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

## COUNT III

### (Breach of Contract)

34.  Allen Interior Systems, Inc. and Guy Allen repeat and incorporate by reference each of the answers contained in paragraphs 1 through 33 above as if set forth at length here.

35.  The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

36.  The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

37.  The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

## COUNT IV

### (Specific Performance)

38.  Allen Interior Systems, Inc. and Guy Allen repeat and incorporate by reference each of the answers contained in paragraphs 1 through 37 above as if set forth at length here.

39. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

## COUNT V

### (Specific Performance)

40. Allen Interior Systems, Inc. and Guy Allen repeat and incorporate by reference each of the answers contained in paragraphs 1 through 39 above as if set forth at length here.

41. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

## COUNT VI

### (Quia Timet/Exoneration)

42. Allen Interior Systems, Inc. and Guy Allen repeat and incorporate by reference each of the answers contained in paragraphs 1 through 41 above as if set forth at length here.

43. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

44. The allegations contained in this paragraph of the Complaint are denied as to Allen Interior Systems, Inc. and Guy Allen only.

45. Allen Interior Systems, Inc. and Guy Allen deny the allegations contained in this paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants Allen Interior Systems, Inc. and Guy Allen deny that they are parties to the indemnity agreement which is the subject of this litigation. However, if and to the extent this

court should find to the contrary, Allen Interior Systems, Inc. And Guy Allen assert the following affirmative defenses:

46. Plaintiff's claims are barred by the doctrine of estoppel, specifically equitable estoppel and estoppel by laches.

47. Plaintiff's claims are barred by the doctrine of laches.

48. Though not required as an affirmative defense, Plaintiff's claims may be barred by application of the Uniform Commercial Code.

49. Plaintiff's damages, if any, are the result of action by third parties for whose conduct the Defendants have no legal responsibility.

50. Plaintiff failed to comply with normal and accepted business practices.

51. Plaintiff's damages, if any, are the result of a failure by Plaintiff to mitigate said damages.

52. Plaintiff's claims are contrary to public policy.

53. If, and to the extent the court finds a contract existed as to which the Defendant is a party, the Plaintiff's claims are barred by the doctrine of failure of consideration.

54. Plaintiff's claims are barred by application of the doctrine of waiver.

55. Plaintiff's claims are barred by application of the statute of frauds.

### DEMAND FOR JURY TRIAL

56. Allen Interior Systems, Inc. and Guy Allen demand a trial by jury.

### CROSS CLAIM AGAINST DRN, INC., D/B/A NORTHERN INTERIOR SYSTEMS, INC. AND SERGE ROY

57. If, and to the extent that Guy Allen and/or Allen Interior Systems, Inc. are found

liable to the Plaintiff, then the Defendants DRN, Inc., d/b/a Northern Interior Systems, Inc. and Serge Roy are liable to Guy Allen and Allen Interior Systems, Inc., to the same extent as Guy Allen and Allen Interior Systems, Inc. are liable to the Plaintiffs on the basis of unjust enrichment, common law indemnity, and such other bases as may be allowed by law.

Respectfully Submitted,

Allen Interior Systems, Inc.
And Guy Allen

By their attorneys,
D'AMANTE COUSER STEINER PELLERIN, P.A.

Dated: 9/30/04

Richard B. Couser, Esq. (BBO: 645543)
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650

### CERTIFICATE OF SERVICE

I hereby certify that on this date I have provided a copy of this Amended Answer, Affirmative Defenses and Cross Claims of Allen Interior Systems, Inc., and Guy Allen to Jonathan C. Burwood, Esq., William S. Gannon, Esq., David W. Carr, Esq. and Grenville Clark, III, Esq.

Dated: 9/30/04

Richard B. Couser, Esq. (BBO: 645543)