UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>　　　Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>　　　Defendants,<br><br>ALLEN INTERIOR SYSTEMS, INC., and GUY ALLEN,<br>　　　Counterclaimants,<br>v.<br><br>SERGE ROY, and DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS,<br>　　　Counterdefendants. | Civil Action No. 04-10756 (MEL) |

### GREAT AMERICAN INSURANCE COMPANY'S RULE 56(F) OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF ALLEN INTERIOR SYSTEMS, INC., AND GUY ALLEN

Plaintiff Great American Insurance Company ("Great American") hereby opposes the Motion for Summary Judgment filed by Defendants Allen Interior Systems, Inc. and Guy Allen (the "Allen Defendants"). Great American opposes summary judgment on the grounds that: (1) the movants failed to comply with Local Rule 56.1 by omitting a concise statement of material facts of record as to which the Allen Defendants contend there is no genuine issue to be tried; and (2) pursuant to Rule 56(f),

Fed.R.Civ.P., Great American has not been afforded the opportunity to conduct discovery essential to gathering the facts necessary to oppose summary judgment.

## I. THE ALLEN DEFENDANTS FAILED TO COMPLY WITH LOCAL RULE 56.1.

Rule 56.1 of the Local Rules of the United Stated District Court for the District of Massachusetts provides (in relevant part):

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion.

In moving for summary judgment, the Allen Defendants failed to include the separate and concise statement of material facts required by Local Rule 56.1. As expressly provided for in the rule, the Allen Defendants' failure constitutes grounds for denial of the Motion for Summary Judgment. Accordingly, Great American respectfully requests that the Court enter an order denying said motion on these grounds.

## II. GREAT AMERICAN IS ENTITLED TO CONDUCT DISCOVERY PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

### A. There are Genuine Questions of Material Fact Regarding the Allen Defendants' Execution of the Indemnity Agreement.

At all times relevant to this action, Great American has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects. See Affidavit of Ed Kirsch (hereinafter "Affidavit") at ¶ 2, filed herewith. Attached as Exhibit A to the Complaint underlying this action is a true and accurate copy of an Agreement of

Indemnity (the "Indemnity Agreement") dated April 9, 2002, the terms of which obligate the Defendants herein, including Allen Interior Systems, Inc. and Guy Allen (the "Allen Defendants") to indemnify and hold harmless Great American from, among other things, any and all losses associated with those performance and payment bonds issued by Great American on behalf of the Defendants. Id. at ¶ 3.

As a direct and proximate result of the Allen Defendants executing the Indemnity Agreement, and in reliance thereon, Great American executed various subcontract performance and payment bonds (the "Bonds") at the request and on behalf of Defendants, including Defendant Allen Interior Systems, Inc. Id. at ¶ 4. Great American, as surety, issued four (4) Bonds on behalf of Defendant Allen Interior Systems, Inc., as principal, between April of 2002 and March of 2003. Id. at ¶ 5. In issuing the Bonds, Great American relied on the Allen Defendants' commitment, as set forth in the Indemnity Agreement, to indemnify and hold Great American harmless from any and all losses associated with having issued the Bonds. Id. at ¶ 6.

Despite having benefited directly from Great American's bonding, and contrary to the express provisions of the Indemnity Agreement, the Allen Defendants now maintain in support of summary judgment that: (1) the Allen Defendants did not agree to indemnify Great American; (2) the signature of Guy Allen on the Indemnity Agreement on behalf of the Allen Defendants is a "facsimile signature"; (3) Guy Allen did not authorize the use of the "facsimile signature" on the Indemnity Agreement; (4) Guy Allen was not aware that the "facsimile signature" had been used to execute the Indemnity Agreement; (5) co-indemnitor Serge Roy was not, and never has been, the

Vice President of Allen Interior Systems, Inc., and was not authorized to execute the Indemnity Agreement on behalf of Allen Interior Systems, Inc.; (6) Guy Allen was the only person ever authorized to act on behalf of Allen Interior Systems, Inc.; and (7) Guy Allen had never seen the Indemnity Agreement until a copy was provided by counsel for Great American in 2004. Id. at ¶ 7.

> **B.  Discovery is Necessary Regarding the Allen Defendants' Execution of the Indemnity Agreement.**

Due to the nature of the foregoing defenses advanced by the Allen Defendants, it will be necessary for Great American to conduct discovery to ascertain the facts essential to supporting Great American's opposition to the Allen Defendants' Motion for Summary Judgment. Id. at ¶ 8.

Trial courts should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery. See Velez v. Awning Windows, Inc., 375, F.3d 35, 39 (1st Cir.2004), *citing* Carmona v. Toledo, 215 F.3d 124, 132-33, 135-36 (1st Cir.2000); Berkowitz v. Home Box Office, Inc., 89 F.3d 24, 29-30 (1st Cir.1996). It follows that when a party moves for summary judgment, the opposing party must be afforded a fair chance to obtain and synthesize available information before being required to file an opposition. Id. A party who legitimately requires more time to oppose a motion for summary judgment has a responsibility to make the court aware of its plight. Id. Typically, this is accomplished by way of either a Rule 56(f) motion or its functional equivalent. Velez, 375 F.3d at 39-40, *citing* Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 3-4 (1st Cir.2004); Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 44 (1st Cir.2001).

**C.     Great American will Require Ninety (90) Days to Conduct Discovery Associated with the Allen Defendants' Execution of the Indemnity Agreement.**

As this action is in its infancy, Great American has not had sufficient time or opportunity to conduct the discovery necessary to assemble the facts relevant to the Allen Defendants' defenses. Affidavit at ¶ 9. Specifically, the Court accepted the parties' proposed Pretrial Schedule on October 13, 2004, which calls for completion of non-expert discovery, including depositions, on or before March 15, 2005. Id. Consistent with the Pretrial Schedule, the parties have exchanged initial disclosures but have not engaged in any substantive discovery to date. Id.

Great American anticipates that discovery geared towards execution of the Indemnity Agreement will reveal genuine issues of material fact precluding summary judgment as to the Allen Defendants. Id. at ¶ 10. Among other things, the discovery will reveal the facts underlying: (1) the Allen Defendants' agreement to indemnify Great American; (2) the circumstances surrounding execution of the Indemnity Agreement; (3) Allen's claim regarding the "facsimile signature"; (4) the identity of those persons authorized to act on behalf of the Allen Defendants; (5) the scope of that authority; and (6) the extent of Guy Allen's knowledge concerning the Indemnity Agreement and its execution. Id.

Great American anticipates that procuring the facts necessary to respond to the Allen Defendants' Motion for Summary Judgment will require written discovery and several depositions. As set forth above, the adopted Pretrial Schedule calls for the completion of non-expert discovery, including deposition on or before March 15, 2005.

Nonetheless, Great American estimates that it should be able to complete the discovery necessary to file its opposition to summary judgment within ninety (90) days, assuming reasonable cooperation from the Defendants and any non-party fact witnesses. Great American maintains that ninety (90) days will be necessary due to the fact that most of the facts relevant to execution of the Indemnity Agreement are solely in the possession of the Defendants and/or their agents, and it will be necessary to schedule and conduct multiple depositions during the course of the traditionally busy holiday season.

### III. CONCLUSION

WHEREFORE, Great American respectfully requests that this Honorable Court:

A.  Deny the Allen Defendants' Motion for Summary Judgment on the basis of its failure to comply with Local Rule 56.1;

B.  In the alternative, and pursuant to Rule 56(f), Fed.R.Civ.P., grant Great American a continuance of ninety (90) days within which to conduct written discovery and depositions geared towards responding to the Allen Defendants' Motion for Summary Judgment; and

C.  Grant such other and further relief as justice may require.

Respectfully Submitted,
**GREAT AMERICAN**
**INSURANCE COMPANY**
By its attorneys,

/s/ Jonathan C. Burwood
_____
Bradford R. Carver, BBO #565396
Jonathan C. Burwood, BBO #643674
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor

Boston, MA 02110
(617) 217-5500

Date: October 25, 2004

## CERTIFICATE OF SERVICE

I, Jonathan C. Burwood, BBO #643674, hereby certify that on this 25th day of October, 2004, I caused a true and accurate copy of the above to be served via first class mail and/or electronic filing, postage prepaid, on the following counsel of record:

William S. Gannon, Esq.  
889 Elm Street  
Manchester, NH 03101  

David W. Carr, Esq.  
4 Newman Way  
Arlington, MA 02174  

Richard B. Couser, Esq.  
D'Amante Couser Steiner Pellerin, P.A.  
Nine Triangle Park Drive  
P.O. Box 2650  
Concord, NH 03302-2650  

/s/ Jonathan C. Burwood

_____  
Jonathan C. Burwood, BBO #643674  
Cetrulo & Capone LLP  
Two Seaport Lane, 10th Floor  
Boston, MA 02110  
(617) 217-5500