UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>      Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>      Defendants,<br><br>ALLEN INTERIOR SYSTEMS, INC., and GUY ALLEN,<br>      Counterclaimants,<br>v.<br><br>SERGE ROY, and DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS,<br>      Counterdefendants. | Civil Action No. 04-10756 (MEL) |

## AFFIDAVIT OF ED KIRSCH

I, Ed Kirsch, being duly sworn, hereby depose and state as follows:

1.     I am a claims consultant for Plaintiff Great American Insurance Company ("Great American"). I have full authority to adjust, manage, and prosecute the claims of Great American with respect to this litigation. I make the statements that follow on personal knowledge, or on the basis of the business records of Great American with respect to this matter, of which I am the keeper.

2.  At all times relevant to this action, Great American has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

3.  Attached as <u>Exhibit A</u> to the Complaint underlying this action is a true and accurate copy of an Agreement of Indemnity (the "Indemnity Agreement") dated April 9, 2002, the terms of which obligate the Defendants herein, including Allen Interior Systems, Inc. and Guy Allen (the "Allen Defendants") to indemnify and hold harmless Great American from, among other things, any and all losses associated with those performance and payment bonds issued by Great American on behalf of the Defendants.

4.  As a direct and proximate result of the Allen Defendants executing the Indemnity Agreement, and in reliance thereon, Great American executed various subcontract performance and payment bonds (the "Bonds") at the request and on behalf of Defendants, including Defendant Allen Interior Systems, Inc.

5.  Upon information and belief, Great American, as surety, issued four (4) Bonds on behalf of Defendant Allen Interior Systems, Inc., as principal, between April of 2002 and March of 2003.

6.  In issuing the Bonds, Great American relied on the Allen Defendants' commitment, as set forth in the Indemnity Agreement, to indemnify and hold Great American harmless from any and all losses associated with having issued the Bonds.

7.	Despite having benefited directly from Great American's bonding, and contrary to the express provisions of the Indemnity Agreement, the Allen Defendants now maintain in support of summary judgment that: (1) the Allen Defendants did not agree to indemnify Great American; (2) the signature of Guy Allen on the Indemnity Agreement on behalf of the Allen Defendants is a "facsimile signature"; (3) Guy Allen did not authorize the use of the "facsimile signature" on the Indemnity Agreement; (4) Guy Allen was not aware that the "facsimile signature" had been used to execute the Indemnity Agreement; (5) co-indemnitor Serge Roy was not, and never has been, the Vice President of Allen Interior Systems, Inc., and was not authorized to execute the Indemnity Agreement on behalf of Allen Interior Systems, Inc.; (6) Guy Allen was the only person ever authorized to act on behalf of Allen Interior Systems, Inc.; and (7) Guy Allen had never seen the Indemnity Agreement until a copy was provided by counsel for Great American in 2004.

8.	Due to the nature of the foregoing defenses advanced by the Allen Defendants, it will be necessary for Great American to conduct discovery to ascertain the facts essential to supporting Great American's opposition to the Allen Defendants' Motion for Summary Judgment.

9.	As this action is in its infancy, Great American has not had sufficient time or opportunity to conduct the discovery necessary to assemble the facts relevant to the Allen Defendants' defenses. Specifically, the Court accepted the parties' proposed Pretrial Schedule on October 13, 2004, which calls for completion of non-expert

discovery, including depositions, on or before March 15, 2005. Consistent with the Pretrial Schedule, the parties have exchanged initial disclosures but have not engaged in any substantive discovery to date.

10. Great American anticipates that discovery geared towards execution of the Indemnity Agreement will reveal genuine issues of material fact precluding summary judgment as to the Allen Defendants. Among other things, the discovery will reveal the facts underlying: (1) the Allen Defendants' agreement to indemnify Great American; (2) the circumstances surrounding execution of the Indemnity Agreement; (3) Allen's claim regarding the "facsimile signature"; (4) the identity of those persons authorized to act on behalf of the Allen Defendants; (5) the scope of that authority; and (6) the extent of Guy Allen's knowledge concerning the Indemnity Agreement and its execution.

11. Accordingly, and pursuant to Rule 56(f), Fed.R.Civ.P., Great American respectfully requests ninety (90) days within which to conduct written discovery and depositions geared towards responding to the Allen Defendants' Motion for Summary Judgment.

Signed under the pains and penalties of perjury this 25th day of October, 2004.

/s/ Ed Kirsch
_____
Ed Kirsch