UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>　　　　Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>　　　　Defendants,<br><br>ALLEN INTERIOR SYSTEMS, INC., and GUY ALLEN,<br>　　　　Counterclaimants,<br><br>v.<br><br>SERGE ROY,<br>　　　　Counterdefendant. | )<br>)<br>)<br>) Civil Action No. 04-10756<br>) (MEL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF ED KIRSCH

I, Ed Kirsch, being duly sworn, hereby depose and state as follows:

1.  I am a claims consultant for Plaintiff, Great American Insurance Company ("Great American"). I have full authority to adjust, manage, and prosecute the claims of Great American with respect to this litigation. I make the statements that follow on personal knowledge, or on the basis of the business records of Great American with respect to this matter, of which I am the keeper.

2. At all times relevant to this action, Great American has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on construction projects.

3. At all times relevant herein, State Line and Northern were in the business of construction contracting.

4. On or about April 9, 2002, Indemnitor, among others, executed the Indemnity Agreement in favor of Great American.

5. As a direct and proximate result of the Indemnitor executing the Indemnity Agreement, and in reliance thereon, Great American, as surety, executed Subcontract Performance and Payment Bonds No. 579 59 86 (the "Algonquin Bonds") at the request and on behalf of State Line, as principal, for the benefit of Eastern Contractors, Inc.("Eastern"), as obligee, to secure State Line's performance on the project known as "Renovations to the Algonquin Regional High School" in Northborough, Massachusetts(the "Algonquin Project").

6. As a direct and proximate result of the Indemnitor executing the Indemnity Agreement, and in reliance thereon, Great American, as surety, executed Subcontract Performance and Payment Bonds No. 653 97 28 (the "Manchester Bonds") at the request and on behalf of State Line, as principal, for the benefit of Harvey Construction Corporation of New Hampshire ("Harvey"), as obligee, to secure State Line's performance on

the project known as "Manchester Airport West Terminal Expansion" in Manchester, New Hampshire(the "Manchester Project").

7. As a direct and proximate result of the Indemnitor executing the Indemnity Agreement, and in reliance thereon, Great American, as surety, executed Subcontract Performance and Payment Bonds No. 559 44 41 (the "Lincoln-Sudbury Bonds") at the request and on behalf of Northern, as principal, for the benefit of Eastern, as obligee, to secure Northern's performance on the project known as "Construction of the New Lincoln-Sudbury Regional High School"( the "Lincoln-Sudbury Project").

8. As a direct and proximate result of the Indemnitor executing the Indemnity Agreement, and in reliance thereon, Great American, as surety, executed Subcontract Performance and Payment Bonds No. 401 01 90 (the "Hawthorne Bonds") at the request and on behalf of Northern, as principal for the benefit of Clark Construction Group, Inc. ("Clark"), as obligee, to secure Northern's performance on the project known as "Hawthorne Apartments at Gillette Ridge" (the "Hawthorne Project").

9. In February 2004, State Line defaulted on the Algonquin and Manchester Projects, and Northern defaulted on the Lincoln-Sudbury and Hawthorne Projects (collectively the "Bonded Projects").

10. As a direct result of the defaults of State Line and Northern, Great American made arrangements for completion of the Bonded Projects and payment of the legitimate claims of subcontractors, suppliers, and laborers entitled to recover under the Algonquin, Manchester, Lincoln-Sudbury and Hawthorne Bonds (collectively the "Project Bonds").

11. As a direct and proximate result of the defaults of State Line and Northern, Great American has sustained, and continues to sustain, losses in the form of costs to complete the Projects and satisfy legitimate Payment Bond claims, attorneys' fees, expenses, and interest, in an amount in excess of $3,404.705.92.

12. Great American has sustained the following losses to date, exclusive of interest, as a direct result of issuing the Bonds on behalf of State Line and Northern:

| | PAID |
|---|---|
| **NEW LINCOLN-SUDBURY** | |
| Loss | $   335,492.68 |
| Expenses | $       2,957.50 |
| Total | $   338,450.18 |
| **ALGONQUIN HS** | PAID |
| Loss | $   941,437.70 |
| Expenses | $   146,018.05 |
| Total | $1,087,455.75 |
| **HAWTHORN APARTMENTS** | PAID |
| Loss | $1,952,466.41 |
| Expenses | $     12,570.49 |
| Total | $1,965,036.90 |

| **MANCHESTER AIRPORT** | **PAID** |
|---|---|
| Expenses | $    13,763.09 |
| Total | $    13,763.09 |
| **TOTAL LOSS TO DATE** (for all four projects) | $3,229,396.79 |
| **TOTAL EXPENSES TO DATE** (for all four projects) | $175,309.13 |
| **TOTAL LOSS TO DATE** | $ 3,404,705.92 |

13. Great American expects to sustain further losses in the form of additional consultant and attorneys' fees and expenses, all of which are recoverable under the specific terms and conditions of the Indemnity Agreement.

14. The Indemnity Agreement (¶2) executed by the Indemnitor provides (in relevant part) that the "[Indemnitor] jointly, severally and/or collectively shall exonerate, indemnify, hold harmless and keep [Great American] indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which [Great American] may sustain and incur: (1) By reason of having executed or procured the execution of Bonds on behalf of any [Indemnitor], (2) By reason of the failure of [Indemnitor] to perform or comply with any of the

covenants and conditions of this Agreement, or (3) In enforcing any of the terms, covenants or conditions of this Agreement."

15. The Indemnity Agreement (¶2) further provides that "[p]ayment by reason of the aforesaid causes shall be made to [Great American] by [Indemnitor], upon demand by [Great American], as soon as liability exists or is asserted against [Great American], whether or not [Great American] shall have made any payment therefor. The amount of such payment to [Great American] by [Indemnitor] shall be determined by [Great American] and [Great American's] demand for payment hereunder may at [Great American's] option be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with [Great American] by or on behalf of [Indemnitor]. [Great American] shall have the right to use the payment, or any part thereof, in payment or settlement of any liability, loss or expense for which [Indemnitor] would be obligated to indemnify [Great American] under the terms of this Agreement."

16. The Indemnity Agreement (¶2) further provides that "[Indemnitor] acknowledges that the failure of [Indemnitor] to deposit with [Great American], immediately upon demand, the sum demanded by [Great American] as payment shall cause irreparable harm to [Great American] for which [Great American] has no adequate remedy at law. [Indemnitor] agree that [Great

American] shall be entitled to injunctive relief for specific performance of any or all of the obligations of [Indemnitor] under this Agreement including the obligation to pay to [Great American] the sum demanded and hereby waive any claims or defenses to the contrary."

17. The Indemnity Agreement (¶2) further provides that "[i]n the event of any payment of any kind by [Great American], [Indemnitor] further agrees that in any accounting between [Great American] and [Indemnitor], [Great American] shall be entitled to a charge for any and all disbursements made by [Great American] in good faith in and about the matters herein contemplated by this Agreement under the belief that [Great American] is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient for [Great American] to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers, invoices, an affidavit or other evidence of any such payments made by [Great American] shall be prima facie evidence of the fact and amount of [Indemnitor's] liability to [Great American]."

18. The Indemnity Agreement (GENERAL PROVISIONS) further provides that "[b]y executing this Agreement [each Indemnitor] [is] bound jointly, severally and/or collectively to [Great American] with respect to all Bonds executed, provided or

procured or to be executed, provided or procured by [Great American] at any time on behalf of any of the [Indemnitors], and with respect to all undertakings of this Agreement."

19. In accordance with its rights under the Indemnity Agreement, Great American made demand upon the Indemnitor to hold it harmless from all loss, costs, and expenses it incurred as a result of the defaults of State Line and Northern.

20. The Indemnitor has failed and/or refused to reimburse Great American in accordance with his obligation under the Indemnity Agreement.

21. At all times relevant hereto, Great American acted in good faith in fulfilling its obligations as surety in the investigation and payment of claims made on the Project Bonds.

22. Great American's determinations to pay claims and/or make disbursements were made in good faith under the belief that it is or was liable for the sums and amounts so paid or disbursed or that it was necessary or expedient to make such payments or disbursements.

23. By reason of issuing the aforementioned Project Bonds, Great American has sustained losses in the amount of at least $3,404,705.92, excluding interest, and has incurred and will continue to incur additional costs and attorneys' fees in the further prosecution and defense of this action.

24. The Indemnitor has failed to reimburse Great American for its losses, costs, and expenses in violation of the specific terms of the Indemnity Agreement.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17 DAY OF MAY 2005.

_____
Ed Kirsch
E. Kirsch LLC
1901 Glen Ridge Road
Baltimore, MD 21234

STATE OF MARYLAND

COUNTY OF Baltimore

On this 17th day of May, 2005, before me, Donna Bradley, the undersigned officer, personally appeared Ed Kirsch, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, who acknowledged that he executed the same for the purposes therein contained, and made oath that the facts contained in the foregoing are the truth to the best of her knowledge and belief.

In witness whereof, I hereunto set my hand and official seal.

*Donna Bradley*
Notary Public
My Commission Expires:

December 1, 2007