UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Great American Insurance Company )<br> )<br>Plaintiff )<br> )<br>vs. )<br> )<br>Allen Interior Systems, Inc., DRN, Inc. )<br>d/b/a Northern Interior Systems, )<br>Guy Allen and Serge Roy )<br> )<br>Defendants )<br> ) | Docket No:   04-10756(MEL) |

**DEFENDANTS ALLEN INTERIOR SYSTEMS, INC. AND GUY ALLEN'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56 and LR, D.Mass. 56.1, Defendants Allen Interior Systems, Inc. ("AIS") and Guy Allen ("Allen") hereby submit this Statement of Material Facts in support of its Motion for Summary Judgment against Plaintiff, Great American Insurance Company ("Great American").

**MATERIAL FACTS**

1.     The parties to this case entered into a Joint Statement for Scheduling Conference ("Joint Statement"). This Joint Statement was filed as Document number 18 in this case, and entered into the docket and accepted by Judge Lasker as of September 28, 2004.

2.     Pursuant to the Joint Statement, the deadline for non-expert discovery, including depositions, was March 15, 2005. The deadline for Plaintiff's expert disclosures was May 15, 2004. Plaintiff has made no expert disclosures in this case. The deadline for Defendants to disclose experts in this case was June 15, 2005. Allen disclosed one expert, Christine T. Cusack,

to testify regarding signature authenticity.  The deadline for Plaintiff to depose Allen's expert was July 15, 2005.  Plaintiff did not depose Ms. Cusack.  The deadline for filing Summary Judgment Motions in this matter is November 15, 2005.

     3.    Allen is the sole officer and sole shareholder of AIS, a company engaged in construction contracting.  Affidavit of Guy Allen, dated November 2, 2005 ("Allen Affidavit"), at ¶ 1,2; Complaint at ¶ 8.

     4.    At no time since AIS' incorporation has there been a shareholder or officer other than Allen.  Allen Affidavit at ¶¶ 1, 2 and attachments thereto.

     5.    At no time has Serge Roy, also a defendant in this matter, been a Vice President of AIS; nor was Serge Roy authorized to act on behalf of AIS or Allen in signing the Indemnity Agreement.  Allen Affidavit at ¶ 3,a.

     6.    Allen is the only individual authorized to act on behalf of AIS.  Allen Affidavit at ¶¶ 1,2.

     7.    According to the Plaintiff's Complaint, in 2002 Plaintiff executed Subcontract Performance and Payment Bonds to secure the performance of two companies, Stateline Drywall, Inc., and DRN, Inc., d/b/a Northern Interior Systems, on a number of projects.  *See* Complaint, ¶ ¶ 12-15.  Plaintiff alleges in its Complaint that it did so in reliance on an Indemnity Agreement, purportedly signed on or around April 9, 2002, by AIS, Allen individually, Northern Interior Systems, Serge Roy individually, Stateline Drywall, Inc. and Jacques Valence individually.  *See* Complaint at ¶¶ 11-15; *see* Indemnity Agreement, attached as Exhibit A to Plaintiff's Complaint.[1]

---

[1] For the convenience of the Court, the Indemnity Agreement is attached as Exhibit A hereto.

8. The alleged signature page of the Indemnity Agreement is found on page 6. This page contains what purport to be three signatures of Guy Allen: one on behalf of AIS, one for Allen individually, and one attesting to the signature of one Serge Roy who purports to sign for AIS as its Vice President. *See* Exhibit A, Indemnity Agreement, page 6.[2]

9. Allen did not sign the Indemnity Agreement; rather, what purports to be Allen's signature is actually a facsimile signature. Allen Affidavit, ¶ 3.

10. Christine T. Cusack is an expert in forensic documentation examination. Affidavit of Christine T. Cusack, dated November 1, 2005, ¶ 2, and Exhibit A thereto.[3] Because Plaintiff would not admit that the signatures in question on the Indemnity Agreement were facsimile signatures, Allen retained Ms. Cusack to examine the signatures on the Indemnity Agreement, Resolution, and Non Transfer of Assets Agreements attached to the Complaint in this matter. He provided her with samples of his own handwriting for comparison. Allen Affidavit at ¶5.

11. Upon examination of the signatures on the Indemnity Agreement, Ms. Cusack concluded that the signatures were made by a facsimile signature stamp. Cusack Affidavit at ¶¶ 4 and 6, and Exhibit B thereto.

12. Allen did not authorize signature of the Indemnity Agreement by any other person on his behalf. Nor did he authorize the use of his facsimile stamp for this purpose; rather, the stamp was used without his knowledge or consent. Mr. Allen is unaware of any other occasion on which his facsimile signature stamp was used without his authorization. Allen Affidavit ¶ 7.

---

[2]This signature page indicates that AIS is located in Pembroke, Massachusetts. In fact, it is located in Pembroke, New Hampshire.

[3]A copy of the Cusack Affidavit, along with its attachments, is filed herewith. The attachments include her qualifications as well as her report. *See* Cusack Affidavit at ¶¶ 2, 3.

He had never seen and was unaware of the existence of the Indemnity Agreement until 2004, when this action commenced. Allen Affidavit, ¶ 3, 3,a.

13. Serge Roy, who purported to sign on behalf of AIS as its Vice President was not then and has never been a Vice President of AIS or authorized to act on behalf of AIS. Allen Affidavit at ¶¶ 1, 2, 3,a., and attachments to the Allen Affidavit. Mr. Roy was not authorized to sign the Indemnity Agreement on behalf of AIS or Allen. Allen Affidavit, ¶ 3,a.

14. Neither Allen nor AIS were involved in the contracts which were the subject of the Indemnity Agreement. ¶ 4. Great American has claimed in this case that it issued performance bonds in favor of Allen Interior Systems in reliance on the Indemnity Agreement. Mr. Allen and Allen Interior Systems, however, had no knowledge of the existence of the Indemnity Agreement at the time. Allen Affidavit, ¶ 3, 3,a.

15. A "Resolution" attached to the Complaint is similarly defective. It asserts that "this Company is materially interested by reason of common ownership in the transaction concerning DRN, INC. DBA NORTHERN INTERIOR SYSTEMS AND STATELINE DRYWALL, INC. . . ." *See* Complaint, Exhibit A.

16. Neither Allen or AIS has any ownership interest in DRN, Inc., dba Northern Interior Systems, or Stateline Drywall, Inc. Nor do either of these entities or their principals have any ownership interest in AIS. Allen Affidavit at ¶ 5.

17. The purported signature of Allen on the Resolution appears to be a handwritten signature, but is not his signature, *see* Allen Affidavit at ¶ 3.b. A cursory comparison of Mr. Allen's signature on the affidavit (or even with Mr. Allen's facsimile signature stamp on the Agreement) with that of the signature on the Resolution should also make this clear.

18.     Ms. Cusack has opined that the signature on the Resolution is not Allen's signature.  Cusack Affidavit, ¶ 5.[4]

19.     As with the Indemnity Agreement, Allen did not know the Resolution had been signed by anyone purporting to act on behalf of AIS until 2004, and did not authorize anyone to sign it on behalf of AIS.  Allen Affidavit, ¶ 3,b.

20.     A "Non Transfer of Assets Agreement" attached to the Complaint is similarly defective, although not apparently material to the litigation. The purported signatures of Allen individually and on behalf of AIS are unauthorized facsimile signature stamps which Allen was unaware had been used on the document, and Serge Roy was not authorized to sign this document on behalf of AIS.  Allen Affidavit at ¶ 3,c.  Cusack Affidavit at ¶ 4.

                                  Respectfully submitted,

                                  Guy Allen and
                                  Allen Interior Systems, Inc.

                                  By and Through Counsel
                                  D'AMANTE COUSER STEINER
                                  PELLERIN, P.A.

Dated: 11/14/05                        /s/ Richard B. Couser
                                  Richard B. Couser (BBO: 645543)
                                  D'Amante Couser Steiner Pellerin, PA
                                  Nine Triangle Park Drive
                                  P.O. Box 2650
                                  Concord, NH 03302-2650
                                  (603)-224-6777

---

[4] Allen provided Ms. Cusack with samples of his signatures for comparison.  Allen Affidavit at ¶ 6.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date I have provided a copy of Defendants Allen Interior Systems, Inc., and Guy Allen's Statement of Material Facts in Support of Motion for Summary Judgment to Jonathan C. Burwood, Esq., William S. Gannon, Esq., David W. Carr, Esq. and Grenville Clark, III, Esq.

Dated: 11/14/05                         /s/ Richard B. Couser
                                               Richard B. Couser (BBO: 645543)