UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Great American Insurance Company ) | |
| ) | |
| Plaintiff ) | Docket No:   04-10756(MEL) |
| ) | |
| vs. ) | |
| ) | |
| Allen Interior Systems, Inc., DRN, Inc. ) | |
| d/b/a Northern Interior Systems, ) | |
| Guy Allen and Serge Roy ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS ALLEN INTERIOR SYSTEMS, INC. AND GUY ALLEN'S
MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

In this action, the plaintiff Great American Insurance Company ("GAIC") seeks to recover against Allen Interior Systems, Inc. ("AIS") and Guy Allen individually based upon defaults of parties and non-parties other than AIS and Allen on certain projects identified as the Lincoln-Sudbury, Hawthorne, Algonquin and Manchester projects. Complaint ¶¶'s 14-16. GAIC's claims against AIS and Allen are based solely on an Agreement of Indemnity ("the Indemnity Agreement," attached as Exhibit A to the Complaint), which GAIC alleges makes AIS and Allen responsible for the debts and defaults of others.  Thus, if the Agreement of Indemnity does not bind AIS and Allen, they are entitled to summary judgment dismissing the claims as to them.

## STATEMENT OF FACTS

Procedural History

The parties to this case entered into a Joint Statement for Scheduling Conference ("Joint Statement"). This Joint Statement was filed as Document number 18 in this case, and entered into the docket and accepted by Judge Lasker as of September 28, 2004. Pursuant to the Joint Statement, the deadline for non-expert discovery, including depositions, was March 15, 2005. The deadline for Plaintiff's expert disclosures was May 15, 2004. Plaintiff has made no expert disclosures in this case. The deadline for Defendants to disclose experts in this case was June 15, 2005. Defendant Guy Allen disclosed one expert, Christine T. Cusack. The deadline for Plaintiff to depose Defendant Guy Allen's expert was July 15, 2005. Plaintiff did not depose Ms. Cusack. The deadline for filing Summary Judgment Motions in this matter is November 15, 2005.

Factual History

Defendant Guy Allen is the sole officer and sole shareholder of Allen Interior Systems, Inc., a company engaged in construction contracting. Affidavit of Guy Allen, dated November 2, 2005 ("Allen Affidavit"), at ¶ 1,2; Complaint at ¶ 8. At no time since AIS' incorporation has there been a shareholder or officer other than Guy Allen. Allen Affidavit at ¶ 1,2. At no time has Serge Roy, also a defendant in this matter, been a Vice President of AIS. Allen Affidavit at ¶ 3,a. Guy Allen is the only individual authorized to act on behalf of AIS. Allen Affidavit at ¶ 1. He did not authorize Roy to act on behalf of AIS or Allen in signing the Indemnity Agreement. Allen Affidavit at ¶ 3.a.

According to the Plaintiff's Complaint, in 2002 Plaintiff executed Subcontract Performance and Payment Bonds to secure the performance of two companies, Stateline Drywall, Inc., and DRN, Inc., d/b/a Northern Interior Systems, on a number of projects. *See* Complaint, ¶¶ 12-15. Plaintiff alleges in its Complaint that it did so in reliance on an Indemnity Agreement, purportedly signed on or around April 9, 2002, by Allen Interiors, Guy Allen individually, Northern Interior Systems, Serge Roy individually, Stateline Drywall, Inc. and Jacques Valence individually. *See* Indemnity Agreement.[1]

The alleged signature page of the Indemnity Agreement is found on page 6. This page contains what purport to be three signatures of Guy Allen, one on behalf of AIS, one for Allen individually, and one attesting the signature of one Serge Roy who purports to sign for AIS as its vice president. *See* Exhibit A, Indemnity Agreement, page 6.[2]

Allen did not sign the Indemnity Agreement; rather, what purports to be Allen's signature is actually a facsimile signature. Allen Affidavit, ¶ 3. Because Plaintiff would not admit that the signatures in question on the Indemnity Agreement were facsimile signatures, Allen retained an expert in forensic documentation examination, Christine T. Cusack.[3] He provided her with samples of his own writing for comparison to the original signatures on the original Indemnity Agreement. Allen Affidavit, ¶5. Ms. Cusack examined the signatures on the Indemnity

---

[1] For the convenience of the Court, the Indemnity Agreement is attached hereto as Exhibit A to the Material Statement of Facts submitted herewith.

[2] This signature page indicates that AIS is located in Pembroke, Massachusetts. In fact, it is located in Pembroke, New Hampshire.

[3] Ms. Cusack examined originals of the Indemnity Agreement, Non-Transfer of Assets Agreement and Resolution.

Agreement, concluding that they were made by a facsimile stamp.  *See* Affidavit of Christine Cusack, dated November 1, 2005 ("Cusack Affidavit"), ¶¶ 4, 6, and Exhibit B thereto.

Allen did not authorize signature of the Indemnity Agreement by any other person on his behalf.  Nor did he authorize the use of his facsimile stamp for this purpose; rather, the stamp was used without his knowledge or consent, and he had never even seen nor was he aware of the existence of the document until 2004.[4]  Allen Affidavit, ¶ 3, 3,a.  Serge Roy, who purported to sign on behalf of AIS as its Vice President was not then and has never been a Vice President of AIS or authorized to act on behalf of AIS.  Allen Affidavit at ¶¶ 1, 2, 3,a., and attachments to Allen Affidavit.  Mr. Roy was not authorized to sign the Indemnity Agreement on behalf of AIS or Guy Allen.  Allen Affidavit, ¶ 3,a.

Neither Allen nor AIS were involved in the contracts which were the subject of the Indemnity Agreement.  ¶ 4.

Plaintiff relies on a number of other documents attached to its Complaint.  A "Resolution" attached to the Complaint is similarly defective. It asserts that "this Company is materially interested by reason of common ownership in the transaction concerning DRN, INC. DBA NORTHERN INTERIOR SYSTEMS AND STATELINE DRYWALL, INC. . . ." *See* Complaint, Exhibit A.  However, AIS had no common ownership of DRN, Inc., or Stateline Drywall, Inc.  Allen Affidavit, ¶ 1.  The purported signature of Allen on the Resolution appears to be a handwritten signature, but is not his signature, *see* Allen Affidavit at ¶ 3.b.  A cursory comparison of Mr. Allen's signature on the affidavit (or even with Mr. Allen's facsimile

---

[4]To Mr. Allen's knowledge, his facsimile signature stamp had never previously been used without his express authorization. Allen Affidavit, ¶ 7.

signature stamp on the Agreement) with that of the signature on the Resolution should also make this clear.  Moreover, Ms. Cusack has opined that the signature on the Resolution is not Allen's signature.  Cusack Affidavit, ¶ 5.  As with the Indemnity Agreement, Allen did not know the Resolution had been signed by anyone purporting to act on behalf of AIS until 2004 and did not authorize anyone to sign it on behalf of AIS.  Allen Affidavit, ¶ 3,b.

A "Non Transfer of Assets Agreement" attached to the Complaint is similarly defective, although not apparently material to the litigation. The purported signatures of Allen individually and on behalf of AIS are unauthorized facsimile signature stamps which Allen was unaware had been used on the document, and Serge Roy was not authorized to sign this document on behalf of AIS.  Allen Affidavit at ¶ 3,c.  Cusack Affidavit at ¶ 4.

## ARGUMENT

### I.     Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*See Moghaddam v. Dunkin' Donuts, Inc.,* 322 F.Supp.2d 44, 46-47 (D. Mass. June 10, 2004).  To obtain summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position.  *See Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of his

pleading, but must set forth specific facts showing there is a genuine issue for trial.'" *Barbour v. Dynamics Research Corp.,* 63 F.3d 32, 37 (1st Cir. 1995), *cert. denied*, 516 U.S. 1113 (1996) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986)); Rule 56(e). "There must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Rogers*, 902 F.2d at 143 (*quoting Anderson,* 477 U.S. at 249-50) (citations and footnote in *Anderson* omitted). The Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour*, 63 F.3d at 36.

Based upon this standard, Guy Allen and AIS are entitled to summary judgment in this action.

## II.     The Claim is Barred By the Statute of Frauds

The Indemnity Agreement purports to have been executed in New Hampshire; it relates, as asserted in this litigation, to projects in New Hampshire and Massachusetts. Whichever state's law applies, the result is fatal to the plaintiff's claim. The Indemnity Agreement is plainly an agreement to answer for the debt of another. As such, it is squarely within the Statute of Frauds. Because the signatures of Guy Allen and AIS were unauthorized, the writing does not satisfy the Statute of Frauds, and the action must fail as against Guy Allen and AIS.

### A.     The Statute of Frauds

New Hampshire and Massachusetts law provide similarly with respect to the requirement of a writing for indemnity agreements. Pursuant to New Hampshire law,

> No action shall be brought . . .to charge any person upon a special promise to answer for the debt, default or miscarriage of another . . . or that is not to be performed within one year from the time of making it, unless such promise or agreement, or some note or

> memorandum thereof, is in writing and signed by the party to be charged or by some person authorized by him.

NH RSA 506:2. The relevant Massachusetts Statute of Frauds similarly provides that

> No action shall be brought . . . [t]o charge a person upon a special promise to answer for the debt, default or misdoings of another . . . [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.

M.G.L.c. 259, § 1.

There can be little doubt that these statutes apply to the Indemnity Agreement, which the Plaintiff itself claims can be used to require Guy Allen and AIS to answer for the defaults of other drywalling companies.

### B.    The Writing is Insufficient to Satisfy the Statute of Frauds

In order to satisfy the requirements of the Statute of Frauds, the Plaintiff bears the burden to prove the existence of a memorandum which complies with the statute's requirements. *Shattuck v. Klotzbach*, 14 Mass.L.Rptr. 360, 2001 Mass.Super.Lexis 642 (Mass. Super. Ct. 2001); *see Blanchard v. Calderwood*, 110 N.H. 29, 33, 260 A.2d 118, 121 (1969). In this case, the Plaintiff will be unable to do so.

At issue in the instant case is the signature requirement imposed by both the Massachusetts and New Hampshire statutes. *See* M.G.L. ch. 259, § 1; NH RSA 506:2.

> [I]it is a universal requirement that the statute of frauds is not satisfied unless it is proved that the name relied upon as a signature was placed on the document or adopted by the party to be charged with the intention of authenticating the writing. In other words the defendant must intend to appropriate the name as a signature.

*Marks v. McCarty,* 33 Cal. 2d 814, 820, 205 P.2d 1025, 1949 Cal. LEXIS 244 (1949).  As the New Hampshire Supreme Court stated in an early Statute of Frauds case, the party to be charged "must have intended not merely to contract, but to sign."  *Knox v. Allard,* 90 N.H. 157, 161-62, 5 A.2d 716, 720 (1939), *quoting Mesibov &c. Inc. v. Company*, 245 N.Y. 305, 311, 312, 157 N.E. 148, 150 (1927).  No such purpose is here apparent.

Where the signature relied upon is not the actual signature of the party to be charged, the law of both Massachusetts and New Hampshire requires that the "substitute" signature in the form of a typed, printed, or stamped name be "adopted by the defendant as his signature with the intent of authenticating [the] writing as his own" to be effective.  *Andre v. Ellison,* 324 Mass. 665, 667, 88 N.E.2d 340, 341 (1949).  *See Knox v. Allard,* 90 N.H. at 161-62, 5 A.2d at 720 ("'A signature, however, there must be, and a name, written or printed, is not to be reckoned as a signature unless inserted or adopted with an intent, actual or apparent, to authenticate the writing' . . . [quoting] Cardozo, C.J., in *Mesibov &c. Inc. v. Company,* 245 N.Y. 305, 310.").  *See also Irving v. The Goodimate Co.,* 320 Mass. 454, 458-459, 70 N.E.2d 414, 416-417 (1946); *Ashuelot Paper Co. v. Ryll,* 109 N.H. 573, 575, 259 A.2d 657-658, (1969); 72 Am. Jur.2d *Statute of Frauds* § 273 (2001).

Guy Allen did not sign the Indemnity Agreement (or any of the other documents attached to the Complaint) on behalf of AIS; nor did he sign it on his own behalf as an individual.  Allen Affidavit, ¶ 3, 3,a-c.  He did not authorize anyone else to sign on his behalf or on behalf of AIS.  Allen Affidavit, ¶ 3, a.-c  He did not authorize or adopt the use of his facsimile signature stamp for the purpose of any of the documents related to this alleged contract.  Allen Affidavit, ¶ 3, a-c.  Serge Roy is not a Vice President (or a shareholder) of AIS, and is not authorized to sign

8

documents on its behalf.  Allen Affidavit, ¶ 1, 3,a., 3,c.  Therefore the Indemnity Agreement is unenforceable under both the Massachusetts and New Hampshire Statutes of Frauds.

### III. Guy Allen and AIS are not Parties to the Indemnity Agreement Upon Which Plaintiff Bases its Claims

#### A. Guy Allen and AIS did not Agree to Indemnify Plaintiff with Respect to the Contracts At Issue

Even if this Court were to find that the Indemnity Agreement is not within the Statute of Frauds, it would still not be binding on Guy Allen or AIS because, quite simply, neither Guy Allen, AIS, nor an agent authorized to act on behalf of Guy Allen or AIS assented to the contract.

There can be no dispute that, in order for a contract to come into existence, there must be an offer, an acceptance, and consideration. *Malek v. Verizon Communications, Inc.*, 2004 U.S.Dist. Lexis 976, at *11, n.3 (D.Mass. 2004) ("New Hampshire, like Massachusetts, follows traditional contract principles: 'Offer, acceptance and consideration are essential to contract formation'"). *See Fleet Bank v. Christy's Table*, 141 N.H. 285, 287-288, 681 A.2d 646, 648 (1996) (guaranty contracts are governed by contract rules, including the rules requiring a meeting of the minds).  In addition, there must be a meeting of the minds between the parties to a contract, which requires manifest assent by both parties to the terms of the agreement and a present intent to be bound by those terms.  *Situation Mgmt. Sys. v. Malouf, Inc.*, 430 Mass. 875, 878, 724 N.E.2d 699, 702-03 (2000) ("axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement"); *Fleet Bank v. Christy's Table*, 141 N.H. at 287-288, 681 A.2d at 648 (1996).  Absent such manifest assent, the contract fails.

9

In this case, Guy Allen did not sign or assent to the Indemnity Agreement on behalf of AIS; nor did he sign or assent to it on his own behalf as an individual. Allen Affidavit, ¶ 3, 3,a-c. In fact, he never even saw the Indemnity Agreement until it was provided to him with regard to the instant litigation. Allen Affidavit, ¶ 3.

### B. No Agent Was Authorized to Sign the Indemnity Agreement on Behalf of Guy Allen or AIS

When a contract is purportedly signed or assented to by an agent on behalf of a principal, the principal is bound only to the extent of the agent's authority to contract on his behalf. *E.g.*, *Mendelsohn v. Holton*, 253 Mass. 362, 366, 149 N.E. 38, 39 (1925) (no recovery against a principal where agent had no authority to bind principal to contract); *Demetracopoulos v. Strafford Guidane Ctr.*, 130 N.H. 209, 213, 536 A.2d 189, 192 (1987). In this case, Guy Allen, the sole officer and shareholder of AIS, gave no such authority to any person to sign or assent to the Indemnity Agreement or any of the other documents attached to the Complaint. Allen Affidavit, ¶¶ 3 a-c. Nor was any person generally authorized to make such a contract or to sign or assent to such documents on behalf of Guy Allen or AIS. Allen Affidavit, ¶ 1. In particular, Serge Roy is not a Vice President (or a shareholder) of AIS, and is not authorized to sign or assent to contracts or other documents on its behalf. Allen Affidavit, ¶ 1, 3,a., 3,c.

### C. Facsimile Signature Not Binding Unless Authorized

GAIC relies entirely on the written Indemnity Agreement for its claim. There is no allegation that Allen or AIS are bound through some oral agreement outside the letter of the Indemnity Agreement. Hence, whether the Statute of Frauds is applicable or not, if the Indemnity


Agreement is not adopted or agreed to by Allen or AIS, it cannot bind them. The case law cited above under the Statute of Frauds is equally applicable to compel summary judgment for Allen and AIS.

### D. Allen is Not Estopped to Deny the Indemnity Agreement[5]

Allen and AIS cannot be held to be estopped to deny the Indemnity Agreement as a result of having purportedly received benefits thereunder through the issuance of performance bonds. Estoppel by acceptance of benefits requires that the party to be estopped acted *with knowledge* of the unauthorized act of an agent. *See Warren v. Hayes*, 74 N.H. 355, 357, 68 A. 193, 1194 (1907) ("If [Defendant] accepts any benefit from [an agent's action] after he knows and appreciates what his agent has done, he will be estopped to deny that his agent was acting for him."); *see also Paloeian v. Day*, 200 Mass. 586, 590, 13 N.E.2d 398, 400-01 (1938); 28 Am.Jur.2d "Estoppel and Waiver," § 66 ("Before one's acceptance of a benefit can amount to an "estoppel," it must be shown that the benefit was accepted with knowledge of all the material facts."). This is similar to other types of estoppel and of ratification, both of which require that the party to be charged with estoppel, or with having ratified an agreement, had full knowledge of the material facts. *E.g., Fleet Bank - N.H. v. Chain Constr. Corp.*, 138 N.H. 136, 140, 635 A.2d 1348, 1351 (1993); 28 Am.Jur.2d "Estoppel and Waiver," §40.

---

[5]When Allen and AIS formerly moved for summary judgment on these grounds, Plaintiff responded, in part, that in reliance on the Indemnity Agreement, Great American had issued bonds with Allen and AIS as principal between April of 2002 and March of 2003. Thus, Great American argued, Allen and AIS benefitted from the Indemnity Agreement. While Great American does not specify its legal argument relating to these facts, it appears clear that Great American intends to argue that Allen and AIS should be estopped from denying the Indemnity Agreement as a result of the benefit conferred by the issuance of the bonds. Thus, Allen and AIS address this argument herein.

As set forth above, Allen had never seen, nor was he aware of, the Indemnity Agreement prior to 2004, when it was provided by counsel to Great American. He was not aware of its existence, or of Great American's claimed reliance upon it, at the time Great American issued performance bonds for AIS projects in 2002 and 2003. Allen Affidavit, ¶ 3,a. Thus, he cannot be held to be estopped to deny responsibility under it.

## CONCLUSION

For the reasons set forth herein, Summary Judgment should be granted in favor of defendants Guy Allen and Allen Interior Systems, Inc.

Respectfully submitted,

Guy Allen and
Allen Interior Systems, Inc.

By and Through Counsel
D'AMANTE COUSER STEINER
PELLERIN, P.A.

Dated: 11/14/05                                  /s/   Richard B. Couser
Richard B. Couser (BBO: 645543)
D'Amante Couser Steiner Pellerin, PA
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650
(603)-224-6777

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have provided a copy of Defendants Allen Interior Systems, Inc., and Guy Allen's Memorandum of Law in Support of Motion for Summary Judgment to Jonathan C. Burwood, Esq., William S. Gannon, Esq., David W. Carr, Esq. and Grenville Clark, III, Esq.

Dated: 11/14/05                                  /s/   Richard B. Couser
Richard B. Couser (BBO: 645543)