UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Great American Insurance Company, ) | |
| ) | |
| Plaintiff, ) | Docket No:    04-10756(MEL) |
| ) | |
| vs. ) | |
| ) | |
| Allen Interior Systems, Inc., DRN, Inc. ) | |
| d/b/a Northern Interior Systems, ) | |
| Guy Allen and Serge Roy, ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT OF GUY ALLEN IN SUPPORT OF
THE MOTION FOR SUMMARY JUDGMENT**

Guy Allen, being duly sworn, says as follows:

1. My name is Guy Allen. I am a defendant in the above-captioned matter. I am also the President, Treasurer, Secretary, sole director, and sole shareholder, of Allen Interior Systems, Inc. I have held these positions since the corporation was formed in May of 2000. No other person has held any office in Allen Interior Systems, Inc. I am the only person authorized to act on behalf of the corporation.

2. I am attaching hereto the following documents to evidence the statements made in paragraph 1 above:

    a. Authorization to issue six shares to Guy Allen.

    b. Stock certificate for six shares issued to Guy Allen.

    c. Action by consent of shareholders 2001.

    d. Action by consent of shareholders 2002.

    e. Action by consent of shareholders 2003.

  f.  Minutes of Organization Meeting of Board of Directors May 11, 2000.

  g.  Action by consent of board of directors 2001.

  h.  Action by consent of board of directors 2002.

  i.  Action by consent of board of directors 2003.

3. I have examined the documents attached to the complaint in this matter, and on which the claim of liability against me and Allen Interior Systems, Inc. is based. I had never seen these documents until they were forwarded to me or my counsel by the plaintiff or counsel for the plaintiff in 2004. I was unaware of the existence of these documents until 2004 when I was contacted in connection with this matter. With respect what purports to be my signatures, or signatures on behalf of Allen Interior Systems, Inc. on these documents:

  a.  Agreement of Indemnity. What purports to be my signature individually and on behalf of Allen Interior Systems, Inc. on p. 6 is not my signature. It is a facsimile signature which I did not authorize to be used on this document and did not know had been used on this document.

    Serge Roy, who purported to sign this document as Vice President of Allen Interior Systems, Inc. was not then and never has been the Vice President of Allen Interior Systems, Inc. and was not authorized to sign this document on its behalf.

    Great American has said in this case that it executed bonds securing the performance of Allen Interior Systems in 2002 and 2003 in reliance on the Indemnity Agreement. I had no knowledge of the existence of the purported Indemnity Agreement at the time these bonds were issued, or as stated above, until 2004.

  b.  Resolution. This document does not contain my signature. What appears to be my signature as secretary is not my signature. I did not sign this document, did know it had been signed by anyone purporting to act for Allen Interior Systems, Inc. until 2004, and did not authorize anyone to sign it on behalf of Allen Interior Systems, Inc.

2

      c.      Non Transfer of Assets Agreement. What purports to be my signature individually and on behalf of Allen Interior Systems, Inc. is not my signature. It is a facsimile signature which I did not authorize to be used on this document and did not know had been used on this document.

             Serge Roy, who purported to sign this document as Vice President of Allen Interior Systems, Inc. was not then and never has been the Vice President of Allen Interior Systems, Inc. and was not authorized to sign this document on its behalf.

4.      This case is a claim for defaults on contracts to which neither I nor Allen Interior Systems, Inc. were parties.

5.      Neither DRN, Inc. d/b/a Northern Interior Systems, Stateline Drywall, Inc., Serge Roy or Jacques Valance have any ownership interest in Allen Interior Systems, Inc. Neither I nor Allen Interior Systems, Inc. have any ownership interest in DRN, Inc. d/b/a Northern Interior Systems or Stateline Drywall, Inc. Neither I nor Allen Interior Systems have any common ownership with DRN, Inc. d/b/a Northern Interior Systems, Stateline Drywall, Inc., Serge Roy or Jacques Valance in any transactions that are the subject of this litigation.

6.      I provided documents to Christine T. Cusack, forensic document examiner, bearing my signature, for the purpose of enabling her to determine if the signatures on the Agreement of Indemnity, Non Transfer of Assets Agreement, and Resolution, that are the basis of the Plaintiff's claim in this case and that purport to bear my signature have an original signature or are signed by a facsimile stamp, and if they bear an original signature, whether it is my signature. These documents are identified as K1a–K25 in Ms. Cusack's Report dated March 18, 2005. I understand that Ms. Cusack determined that the signatures that purported to be mine on the Agreement of Indemnity and Non Transfer of Assets Agreement were facsimile signatures and the signature that purported to be mine on the Resolution was not my signature.

7.      I don't know of any other occasion on which my facsimile signature stamp was used without my express authorization.

3

Dated: 11/11/05.                                              _____
                                                                              Guy Allen

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

    Subscribed and sworn to on this _11_ day of November, 2005, before me, the undersigned officer, by the above-named Guy Allen, known to me (or satisfactorily proven).

                                                     _____
                                                     Notary Public/Justice of the Peace   GENEVIEVE J. VAN BEAVER
                                                     Notary Public - State of New Hampshire
                                                     My commission expires: My Commission Expires June 4, 2008

N:\OFFICE\Rbc - Clients\Allen, Guy\MOTIONS - COURT\Affidavit of Guy Allen re summary judgment 11-05.wpd

# EXHIBIT A

## AUTHORIZATION

Allen Interior Systems, Inc., its shareholders, directors and officers, hereby authorize Simon C. Leeming, to, upon receipt of the corporate book, issue six shares to Guy Allen, and otherwise include all necessary records pursuant to the establishment of and first meeting of the corporation, of May 11, 2000.

_____
Guy Allen, Shareholder, Director and all
Of its Officers



**EXHIBIT C**

## ALLEN INTERIOR SYSTEMS, INC.

### Action by Consent of the Shareholders
### In Lieu of Annual Meeting - 2001

Pursuant to the provisions of New Hampshire RSA Chapter 293-A:7.04, **Guy Allen**, being the Sole Shareholder of **ALLEN INTERIOR SYSTEMS, INC.**, has taken the following action effective as of January 18, 2001, provided that this consent shall be filed with the Minutes of the Corporation:

> RESOLVED: That the following individuals are elected Directors of **ALLEN INTERIOR SYSTEMS, INC.** for the ensuing year and until their successors are elected and qualified:
>
> **Guy Allen**            **Director**

> RESOLVED: That the actions of the officers and Directors of the Corporation had and taken by them on its behalf since the formation of the Corporation to the date of this consent.

No further action is taken by the Shareholder.

Effective this 18th day of January, 2001, the foregoing Action by Consent pursuant to RSA 293-A:7.04 is signed by the Shareholders (notice hereby being waived) and is filed with the Secretary of the Corporation as part of the corporate records.

_____
Guy Allen, Sole Shareholder

The foregoing action by consent has been received and filed with the corporate records of **ALLEN INTERIOR SYSTEMS, INC.**

_____
Guy Allen, Secretary

N:\OFFICE\Corporate\Allen\SH01.vote.wpd

**EXHIBIT D**

ALLEN INTERIOR SYSTEMS, INC.

Action by Consent of the Shareholders
In Lieu of Annual Meeting - 2002

Pursuant to the provisions of New Hampshire RSA Chapter 293-A:7.04, **Guy Allen**, being the Sole Shareholder of **ALLEN INTERIOR SYSTEMS, INC.**, has taken the following action effective as of January 16, 2002, provided that this consent shall be filed with the Minutes of the Corporation:

> RESOLVED: That the following individuals are elected Directors of **ALLEN INTERIOR SYSTEMS, INC.** for the ensuing year and until their successors are elected and qualified:
>
> **Guy Allen**             **Director**

> RESOLVED: That the actions of the officers and Directors of the Corporation had and taken by them on its behalf since the formation of the Corporation to the date of this consent.

No further action is taken by the Shareholder.

Effective this 16th day of January, 2002, the foregoing Action by Consent pursuant to RSA 293-A:7.04 is signed by the Shareholders (notice hereby being waived) and is filed with the Secretary of the Corporation as part of the corporate records.

_____
Guy Allen, Sole Shareholder

The foregoing action by consent has been received and filed with the corporate records of **ALLEN INTERIOR SYSTEMS, INC.**

_____
Guy Allen, Secretary

N:\OFFICE\Corporate\Allen\SH02.vote.wpd

# **EXHIBIT E**

## ALLEN INTERIOR SYSTEMS, INC.

### Action by Consent of the Shareholders
### In Lieu of Annual Meeting - 2003

Pursuant to the provisions of New Hampshire RSA Chapter 293-A:7.04, **Guy Allen**, being the Sole Shareholder of **ALLEN INTERIOR SYSTEMS, INC.**, has taken the following action effective as of January 13, 2003, provided that this consent shall be filed with the Minutes of the Corporation:

> RESOLVED: That the following individuals are elected Directors of **ALLEN INTERIOR SYSTEMS, INC.** for the ensuing year and until their successors are elected and qualified:
>
> **Guy Allen**             **Director**

> RESOLVED: That the actions of the officers and Directors of the Corporation had and taken by them on its behalf since the formation of the Corporation to the date of this consent.

No further action is taken by the Shareholder.

Effective this 13th day of January, 2003, the foregoing Action by Consent pursuant to RSA 293-A:7.04 is signed by the Shareholders (notice hereby being waived) and is filed with the Secretary of the Corporation as part of the corporate records.

_____
Guy Allen, Sole Shareholder

The foregoing action by consent has been received and filed with the corporate records of **ALLEN INTERIOR SYSTEMS, INC.**

_____
Guy Allen, Secretary

N:\OFFICE\Corporate\Allen\SH03.vote.wpd

# MINUTES OF ORGANIZATION MEETING OF BOARD OF DIRECTORS

of

# ALLEN INTERIOR SYSTEMS, INC.

The organizational meeting of the Board of Directors of ALLEN INTERIOR SYSTEMS, INC., was held at 31 Warren Street, Concord, New Hampshire, at 3:30 a.m./p.m. on the 11 day of May, 2000, pursuant to call and notice of the Directors of the Corporation.

Present in person was Guy Allen, being the only director. Also present by invitation was Simon C. Leeming, attorney preparing corporate documentation.

Guy Allen was unanimously chosen chairman of the meeting. Guy Allen was unanimously chosen temporary secretary for the meeting.

Guy Allen presented and read a waiver of the call and notice of the meeting signed by all of the Board of Directors.

Simon C. Leeming, Esquire, advised that the Articles of Incorporation of the corporation had been filed in the office of the Secretary of State of New Hampshire on 5/11/00 (to be filed) and that Certificate of Incorporation had been duly issued.

Simon C. Leeming, Esquire, presented a proposed set of By-Laws for the regulation and management of the affairs of the corporation, which was read, article by article, and upon motion duly made, it was unanimously,

>  **RESOLVED**: That the proposed set of By-Laws as presented at the meeting be adopted as the By-Laws of the corporation in order to be made a party of the permanent records to follow the Articles of Incorporation in the minute book.

The following persons were nominated as officers of the corporation to serve until their respective successors are chosen and qualified:

| | |
|---|---|
| President: | Guy Allen |
| Vice-President: | |
| Treasurer: | Guy Allen |
| Secretary: | Guy Allen |
| Registered Agent: | Guy Allen |

The Chairman announced that the aforenamed persons had been unanimously elected to the offices set before their respective names to assume the duties and responsibilities fixed by the By-Laws.

The President thereupon took the chair, and the Secretary, upon taking oath of office, immediately assumed the discharge of his duties.

A form of corporate seal and a form of stock certificate was presented and upon motion duly made and seconded and adopted were unanimously approved.

On motion duly made and seconded, it was unanimously

**RESOLVED**: Whereas, it is deemed advisable that this corporation offer for sale and issue one hundred twenty (120) shares of its authorized capital stock; and

**Whereas**, it is further deemed advisable that the offer, sale and issue of such shares be effectuated in such a manner that qualified shareholders may receive the benefits of Section 1244 of the Internal Revenue Code; and

**Whereas**, there is not now outstanding any offering, or portion thereof, of this corporation to sell or issue any of its stock; and

**Whereas**, this corporation is a small business corporation as defined in Section 1244 (c) (12) of the Internal Revenue Code,

**NOW THEREFORE**, be it and it is resolved that the Board of Directors be and it hereby is authorized in its discretion to issue the capital stock of this corporation to the full amount or number of shares authorized by the Articles of Incorporation in such amounts and for such consideration as from time to time shall be determined by the Board of Directors and as may be permitted by law, said stock to be issued consistent with the Internal Revenue code Section 1244.

On Motion duly made and seconded, it was unanimously

**RESOLVED**: To issue shares of the corporation as follows:

GUY ALLEN _____ 6 shares

_____  _____ shares

**RESOLVED**: That the remaining 114 shares of the authorized no par common stock shall be issued at such times, to such persons, firms or corporations, and for such consideration as the Board of Directors may determine, provided, however, that the total consideration to be received by the Corporation for all stock (including that issued at this organizational meeting shall not exceed One Million Dollars ($1,000,000.00).

>**RESOLVED**: That the Board of Directors confirm its authorization of the President to prepare a Form 2553, Election by Small Business Corporation to be presented to the shareholders for their consent and signature, to be timely filed.

On motion duly made and seconded, it was unanimously

>**RESOLVED**: That pursuant to ARTICLE V of the By-Laws the fiscal year of the corporation shall end on December 31st each year until such date is changed by action of the Board of Directors.

>**RESOLVED**: To approve and ratify the actions of the incorporators and officers on behalf of the corporation prior to the date of this meeting.

On motion duly made and seconded, it was unanimously,

>**RESOLVED**: That Citizen Bank or Banking institution selected by President, of _____, New Hampshire, be designated as a depository of this corporation and that funds of this corporation deposited in said Bank be subject to withdrawal upon checks, notes, drafts, bills of exchange, acceptances, undertakings or other orders to the payment of money when signed on behalf of this corporation by its officers, to wit:

>Guy Allen            President/Secretary
>Guy Allen            Treasurer

That all action taken by said officers in making deposits in, and withdrawing funds from said Bank prior to this date are hereby ratified, adopted, and confirmed as the acts of the corporation.

**RESOLVED**: That the President is authorized to borrow from time to time on behalf of this Corporation from aforesaid Bank, sums of money for such period or periods of time, and upon such terms, rates of interest and amounts as may to him in his discretion seem advisable, and to execute notes or agreements in the forms required by said Bank in the name of the corporation for the payment of any sums so borrowed.

That said officer is hereby authorized to pledge, or mortgage any of the bonds, stocks or other securities, bills receivable, warehouse receipts, motor vehicles, or other property, real or personal, of the corporation, for the purpose of securing the payment of any monies so borrowed; to endorse said securities, to issue the necessary powers of attorney and to execute loan, pledge or liability agreements or liens in the forms required by the said Bank in connection with the same.

That said officer is hereby authorized to discount said Bank notes, conditional sales contracts or mortgages, or any other bills receivable held by this corporation upon such terms as they may deem proper.

**RESOLVED**: That the foregoing powers and authority will continue until written notice of revocation has been delivered to said Bank.

**RESOLVED**: That the Secretary of this corporation be and he hereby is, authorized to certify to the aforesaid Bank the foregoing resolutions and that the provisions hereof are in conformity with the charter and by-laws of this corporation; that the resolutions required by the Bank for opening such account and making drafts thereon, authorizing the signing of drafts and checks authorizing borrowing were approved and a copy of such resolutions is to the minutes of this meeting, and said form shall be incorporated as part of the minutes thereof.

On motion duly made and seconded, it was further unanimously,

**RESOLVED**: That the following officers of the corporation acting in combination be and they hereby are authorized to execute, affix the corporate seal to and deliver on behalf of the corporation, options, deeds, discharges, assignments, and partial releases of mortgages, and all other instruments of title, leases of real property or documents in relation thereto, the execution and delivery of which are required or appropriate in the business of the corporation without prior or subsequent reference thereto to the Board of Directors.

_Guy Allen_            President/Secretary

_Guy Allen_            Vice-President/Treasurer

**RESOLVED**: Any prior acts of the officers and incorporators in this regard are hereby adopted and ratified as acts of the corporation.

**RESOLVED**: That the President obtain an IRS Employer Identification Number in the name of the corporation by filing Form SS-4.

**RESOLVED**: That the President or Treasurer obtain all required licenses and permits from the State of New Hampshire to operate the business, if any such licenses are required now or in the future.

**RESOLVED**: That the President of the corporation prepare a Form 2553, Election by Small Business Corporation to be presented to the shareholders for their consent and signature, to be timely filed. Only upon consultation with corporation accountant, with determination of election to be made by Guy Allen, President.

There being no further business to come before the meeting, it was, upon motion duly made and seconded.

**RESOLVED**: To adjourn.

_____
Guy Allen, President

Received and filed with corporate records.

_____
Guy Allen, Secretary

## ALLEN INTERIOR SYSTEMS, INC.

### Action by Consent of the Board of Directors
### In Lieu of Annual Meeting - 2001

Pursuant to the provisions of New Hampshire RSA Chapter 293-A:8.21, **Guy Allen**, being the Sole Director of **ALLEN INTERIOR SYSTEMS, INC.**, has taken the following action effective as of January 18, 2001, provided that this consent shall be filed with the Minutes of the Corporation:

RESOLVED: To elect the following to the offices set forth before their respective names to serve until their successors shall be elected and qualify:

| | |
|---|---|
| **President** | Guy Allen |
| **Treasurer** | Guy Allen |
| **Secretary** | Guy Allen |

RESOLVED: That any of the following officers, acting singly or in combination, be and hereby are authorized to execute, affix the corporate seal to and deliver, on behalf of the corporation, assignments and partial releases of mortgages, and all other instruments of title, leases or real property or documents in relation thereto, the execution and delivery of which are required or appropriate in the business of the company, without prior or subsequent reference thereof to the Board of Directors:

**President/Treasurer**     Guy Allen

No further action is taken by the Board of Directors.

Effective this 18th day of January, 2001, the foregoing action by consent pursuant to RSA 293-A:8.21 is signed by the Directors of the Corporation (notice hereby being waived) and is filed with the Secretary of the Corporation as part of the corporate records.

_____
Guy Allen, Sole Director

The foregoing action by consent has been received and filed with the corporation records of **ALLEN INTERIOR SYSTEMS, INC.**

_____
Guy Allen, Secretary

N:\OFFICE\Corporate\Allen\BOD01.wpd

# EXHIBIT H

## ALLEN INTERIOR SYSTEMS, INC.

### Action by Consent of the Board of Directors
### In Lieu of Annual Meeting - 2002

Pursuant to the provisions of New Hampshire RSA Chapter 293-A:8.21, **Guy Allen**, being the Sole Director of **ALLEN INTERIOR SYSTEMS, INC.**, has taken the following action effective as of January 16, 2002, provided that this consent shall be filed with the Minutes of the Corporation:

RESOLVED: To elect the following to the offices set forth before their respective names to serve until their successors shall be elected and qualify:

| | |
|---|---|
| **President** | Guy Allen |
| **Treasurer** | Guy Allen |
| **Secretary** | Guy Allen |

RESOLVED: That any of the following officers, acting singly or in combination, be and hereby are authorized to execute, affix the corporate seal to and deliver, on behalf of the corporation, assignments and partial releases of mortgages, and all other instruments of title, leases or real property or documents in relation thereto, the execution and delivery of which are required or appropriate in the business of the company, without prior or subsequent reference thereof to the Board of Directors:

**President/Treasurer**     Guy Allen

No further action is taken by the Board of Directors.

Effective this 16th day of January, 2002, the foregoing action by consent pursuant to RSA 293-A:8.21 is signed by the Directors of the Corporation (notice hereby being waived) and is filed with the Secretary of the Corporation as part of the corporate records.

_____
Guy Allen, Sole Director

The foregoing action by consent has been received and filed with the corporation records of **ALLEN INTERIOR SYSTEMS, INC.**

_____
Guy Allen, Secretary

N:\OFFICE\Corporate\Allen\BOD02.wpd

# EXHIBIT I

## ALLEN INTERIOR SYSTEMS, INC.

### Action by Consent of the Board of Directors
### In Lieu of Annual Meeting - 2003

Pursuant to the provisions of New Hampshire RSA Chapter 293-A:8.21, **Guy Allen**, being the Sole Director of **ALLEN INTERIOR SYSTEMS, INC.**, has taken the following action effective as of January 13, 2003, provided that this consent shall be filed with the Minutes of the Corporation:

RESOLVED: To elect the following to the offices set forth before their respective names to serve until their successors shall be elected and qualify:

| Office | Name |
|---|---|
| **President** | Guy Allen |
| **Treasurer** | Guy Allen |
| **Secretary** | Guy Allen |

RESOLVED: That any of the following officers, acting singly or in combination, be and hereby are authorized to execute, affix the corporate seal to and deliver, on behalf of the corporation, assignments and partial releases of mortgages, and all other instruments of title, leases or real property or documents in relation thereto, the execution and delivery of which are required or appropriate in the business of the company, without prior or subsequent reference thereof to the Board of Directors:

| | |
|---|---|
| **President/Treasurer** | Guy Allen |

No further action is taken by the Board of Directors.

Effective this 13th day of January, 2003, the foregoing action by consent pursuant to RSA 293-A:8.21 is signed by the Directors of the Corporation (notice hereby being waived) and is filed with the Secretary of the Corporation as part of the corporate records.

_____
Guy Allen, Sole Director

The foregoing action by consent has been received and filed with the corporation records of **ALLEN INTERIOR SYSTEMS, INC.**

_____
Guy Allen, Secretary

N:\OFFICE\Corporate\Allen\BOD03.wpd