UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>    Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>    Defendants,<br><br>ALLEN INTERIOR SYSTEMS, INC., and GUY ALLEN,<br>    Counterclaimants,<br>v.<br><br>SERGE ROY, and DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS,<br>    Counterdefendants. | Civil Action No. 04-10756 (MEL) |

**PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S CONTROVERTING
STATEMENT OF MATERIAL FACTS IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
ALLEN INTERIOR SYSTEMS, INC. AND GUY ALLEN**

Pursuant to Local Rule 56.1, Plaintiff Great American Insurance Company ("Great American") hereby submits its Controverting Statement of Material Facts in Opposition to the Motion for Summary Judgment filed by Defendants Allen Interior Systems, Inc. and Guy Allen (the "Allen Defendants").

1. Undisputed.

2. Undisputed.

3. Disputed. The Indemnity Agreement is executed by Defendant Serge Roy as the Vice President of Allen Interior Systems, Ind. and the Non-Transfer of Assets Agreement accompanying the Indemnity Agreement bears the signatures of both Guy Allen and Serge Roy, and identifies Mr. Roy as Vice President of Allen Interior Systems, Inc. See Affidavit of Ed Kirsch at ¶¶ 21, 22.

4. Disputed. The Indemnity Agreement is executed by Defendant Serge Roy as the Vice President of Allen Interior Systems, Ind. and the Non-Transfer of Assets Agreement accompanying the Indemnity Agreement bears the signatures of both Guy Allen and Serge Roy, and identifies Mr. Roy as Vice President of Allen Interior Systems, Inc. See Affidavit of Ed Kirsch at ¶¶ 21, 22.

5. Disputed. The Indemnity Agreement is executed by Defendant Serge Roy as the Vice President of Allen Interior Systems, Ind. and the Non-Transfer of Assets Agreement accompanying the Indemnity Agreement bears the signatures of both Guy Allen and Serge Roy, and identifies Mr. Roy as Vice President of Allen Interior Systems, Inc. See Affidavit of Ed Kirsch at ¶¶ 21, 22.

6. Disputed. The Indemnity Agreement is executed by Defendant Serge Roy as the Vice President of Allen Interior Systems, Ind. and the Non-Transfer of Assets Agreement accompanying the Indemnity Agreement bears the signatures of both Guy Allen and Serge Roy, and identifies Mr. Roy as Vice President of Allen Interior Systems, Inc. See Affidavit of Ed Kirsch at ¶¶ 21, 22. Furthermore, the Allen Defendants' interrogatory responses indicate that Brenda Smith was authorized to use the alleged signature stamp, and in fact had employed such a stamp on behalf of Allen Interior

Systems, Inc. See Guy Allen's Response to Great American's First Set of Interrogatories, ¶¶ 8(c), 8(e); Affidavit of Ed Kirsch at ¶ 24.. Brenda Smith also notarized the signatures of Guy Allen on the Indemnity Agreement, and her signature appears on bonds issued by Great American on behalf of Allen Interior Systems immediately following execution of the Indemnity Agreement. See Guy Allen's Response to Great American's First Request for Production of Documents at ¶ 1; Affidavit of Ed Kirsch at ¶ 25.

7. Undisputed.

8. Undisputed.

9. Disputed. A review of the Indemnity Agreement reveals the signatures of Guy Allen on behalf of himself and Allen Interior Systems, Inc. Mr. Allen's signature is attested and notarized as confirmation of his personal execution of the documents in question. See Affidavit of Ed Kirsch at ¶¶ 19, 20, 22, 25, 26, 27, 28.

10. Undisputed.

11. Undisputed that Ms. Cusack reached the asserted conclusions.

12. Disputed. See Affidavit of Ed Kirsch at ¶¶ 18, 19, 20, 24, 26, 27, 28.

13. Disputed. See Affidavit of Ed Kirsch at ¶¶ 21, 22, 23.

14. Disputed. See Affidavit of Ed Kirsch at ¶¶ 4, 5, 26, 27, 28, 30, 34, 36-47.

15. Undisputed that Resolution asserts in part that Allen Interior Systems, Inc. is "materially interested by reason of common ownership in the transaction concerning DRN, Inc. dba Northern Interior Systems and Stateline Drywall, Inc. … " Disputed that said Resolution is defective. See Affidavit of Ed Kirsch at ¶¶ 36-44.

16. Disputed. See Affidavit of Ed Kirsch at ¶¶ 31-32, 36-44.

17. Disputed. See Affidavit of Ed Kirsch at ¶ 44.

18. Undisputed that Ms. Cusack has opined as indicated.

19. Disputed. See Affidavit of Ed Kirsch at ¶ 44.

20. Undisputed.

**GREAT AMERICAN INSURANCE COMPANY'S ADDITIONAL STATEMENT OF MATERIAL FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF ALLEN INTERIOR SYSTEMS, INC. AND GUY ALLEN**

21. At all times relevant to this action, Great American has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects. Affidavit of Ed Kirsch at ¶ 2.

22. The Agreement of Indemnity (the "Indemnity Agreement") dated April 9, 2002, the terms of which obligate the Allen Defendants, among others, to indemnify and hold harmless Great American from, among other things, any and all losses associated with those performance and payment bonds issued by Great American on behalf of the indemnitors. Affidavit of Ed Kirsch at ¶ 3.

23. As a direct and proximate result of the Allen Defendants executing the Indemnity Agreement, and in reliance thereon, Great American executed various subcontract performance and payment bonds (the "Bonds") at the request and on behalf of Defendant Allen Interior Systems, Inc. ("Allen Interior Systems"), Defendant DRN, Inc. d/b/a Northern Interior Systems ("Northern"), and non-party State Line Drywall, Inc. ("State Line"). Affidavit of Ed Kirsch at ¶ 4.

24. In issuing the aforementioned Bonds, Great American relied on the Allen Defendants' commitment, as set forth in the Indemnity Agreement, to indemnify and hold Great American harmless from any and all losses associated with having issued the Bonds. Affidavit of Ed Kirsch at ¶ 5.

25. In February of 2004, Allen Interior Systems' co-indemnitors, Northern and State Line, defaulted on several of the construction projects bonded by Great American pursuant to the Indemnity Agreement. Affidavit of Ed Kirsch at ¶ 6.

26. As a direct and proximate result of the defaults, Great American has sustained substantial losses in the form of costs to complete the bonded projects and satisfy legitimate claims on the Bonds, as well as attorneys' fees, expenses, and interest (the "Bonded Losses"). Affidavit of Ed Kirsch at ¶ 7.

27. Great American's Bonded Losses are expressly covered by the Indemnity Agreement executed by the Allen Defendants. Affidavit of Ed Kirsch at ¶ 8.

28. Despite having benefited directly from the Bonds, and contrary to the express provisions of the Indemnity Agreement, the Allen Defendants now deny their indemnity obligation to Great American with respect to the Bonded Losses. Affidavit of Ed Kirsch at ¶ 9.

29. In support of this argument, the Allen Defendants claim, among other things, that: (1) the Allen Defendants did not agree to indemnify Great American; (2) the signatures of Guy Allen on the Indemnity Agreement and supporting documents on behalf of the Allen Defendants are "facsimile signatures"; (3) Guy Allen did not authorize the use of the "facsimile signatures" on the Indemnity Agreement and

supporting documents; (4) Guy Allen was not aware that "facsimile signatures" had been used to execute the Indemnity Agreement and supporting documents; (5) co-indemnitor Serge Roy was not authorized to execute the Indemnity Agreement and supporting documents on behalf of Allen Interior Systems, Inc.; (6) Guy Allen was the only person ever authorized to act on behalf of Allen Interior Systems, Inc.; and (7) Guy Allen had never seen the Indemnity Agreement or supporting documents until copies were provided by Great American in 2004.  Affidavit of Ed Kirsch at ¶ 10.

30.     On the basis of the foregoing claims, the Allen Defendants maintain that they are not bound by the Indemnity Agreement, and are therefore entitled to summary judgment herein.  Affidavit of Ed Kirsch at ¶ 11.

31.     Notably, the Allen Defendants previously made this identical argument in support of summary judgment on or about September 30, 2004.  Affidavit of Ed Kirsch at ¶ 12.

32.     In response, the Court denied the Allen Defendants' original motion for summary judgment on or about November 10, 2004.  Affidavit of Ed Kirsch at ¶ 13.

33.     In denying the motion, the Court found that "Federal questions exist as to whether the moving defendants are liable as indemnitors … [s]uch questions include: who signed the indemnity agreement; was the signing authorized; etc."  Affidavit of Ed Kirsch at ¶ 14.

34.     Since that time, the parties have engaged in written discovery.  Affidavit of Ed Kirsch at ¶15.

35.     Nonetheless, the Allen Defendants have not made any subsequent

showing that the questions of material fact previously identified by this Court have been resolved.  Affidavit of Ed Kirsch at ¶ 16

36.    Instead, the Allen Defendants have merely renewed their prior motion, in the face of the same unresolved issues.  Affidavit of Ed Kirsch at ¶17.

37.    A review of the Indemnity Agreement reveals the signatures of Guy Allen on behalf of himself and Allen Interior Systems, Inc.  Affidavit of Ed Kirsch at ¶ 18.

38.    Mr. Allen's signature is attested and notarized as confirmation of his personal execution of the documents in question.  Affidavit of Ed Kirsch at ¶ 19.

39.    The Allen Defendants have acknowledged that no-one in particular had specific responsibility for custody or control of the signature stamp.  Affidavit of Ed Kirsch at ¶ 20.

40.    The Indemnity Agreement is executed by Defendant Serge Roy as the Vice President of Allen Interior Systems, Inc.  Affidavit of Ed Kirsch at ¶ 21.

41.    The Non-Transfer of Assets Agreement accompanying the Indemnity Agreement bears the signatures of both Guy Allen and Serge Roy, and identifies Mr. Roy as Vice President of Allen Interior Systems, Inc.  Affidavit of Ed Kirsch at ¶ 22.

42.    Pursuant to the Minutes from the Organizational Meeting of the Board of Directors of Allen Interior Systems, Inc. of May 11, 2000, Guy Allen is identified as holding every office of Allen Interior Systems, Inc. with the sole exception of Vice President.  Affidavit of Ed Kirsch at ¶23.

43.    The Allen Defendants' interrogatory responses indicate that Brenda Smith was authorized to use the alleged signature stamp, and in fact had employed such a

stamp on behalf of Allen Interior Systems, Inc.  Affidavit of Ed Kirsch at ¶ 24.

44. Brenda Smith also notarized the signatures of Guy Allen on the Indemnity Agreement and, as set forth below, her signature appears on bonds issued by Great American on behalf of Allen Interior Systems immediately following execution of the Indemnity Agreement.  Affidavit of Ed Kirsch at ¶ 25.

45. Guy Allen's claim that he was not aware of the Indemnity Agreement is inconsistent with statements Mr. Allen made to Ed Kirsch of Great American during a telephone conversation that took place on March 2, 2004.  Affidavit of Ed Kirsch at ¶ 26.

46. During this telephone conversation, Mr. Allen made contradicting statements regarding his execution of the Indemnity Agreement.  Affidavit of Ed Kirsch at ¶ 27.

47. Specifically, Mr. Allen first stated that he executed the Indemnity Agreement to obtain a bond from Great American.  Affidavit of Ed Kirsch at ¶ 28.

48. Thereafter, Mr. Allen stated that he did not know about the Indemnity Agreement.  Affidavit of Ed Kirsch at ¶ 29.

49. A review of correspondence authored by Mr. Allen on or about February 27, 2004 reveals additional statements evidencing Mr. Allen's acknowledgement of his obligations to Great American.  Affidavit of Ed Kirsch at ¶ 30.

50. Specifically, Mr. Allen wrote to Great American's Ed Kirsch in connection with Allen's offer to complete the remaining work on the bonded projects abandoned by co-indemnitor Northern.  Affidavit of Ed Kirsch at ¶ 31.

51. As a contingency to complete the projects abandoned by Northern, Allen

requested that Great American agree that "Guy Allen nor Allen Interior Systems will be held responsible for any further liability or law suit [sic] that might arise or have arisen for Northern Interior Systems having pulled off of these projects." Affidavit of Ed Kirsch at ¶ 32.

52. Guy Allen submitted a Personal Financial Statement, executed with Guy Allen's original signature, and supporting documents to Great American on or about December 2, 2003 for the purpose of securing additional bonds on behalf of Allen Interior Systems. Affidavit of Ed Kirsch at ¶ 33.

53. In reliance on the Indemnity Agreement and the Personal Financial Statement, Great American issued additional bonding to Allen Interior Systems. Affidavit of Ed Kirsch at ¶ 34.

54. Mr. Allen further submitted two Work-On-Hand Schedules for Great American's consideration, a careful review of which reveals what appear to be the same "facsimile signatures" alleged by the Allen Defendants to appear on the Indemnity Agreement. Affidavit of Ed Kirsch at ¶ 35.

55. Allen Interior Systems provided both manpower and financial support to the projects ultimately abandoned by Northern and State Line. Affidavit of Ed Kirsch at ¶ 36.

56. For example, Allen Interior Systems supplied a project superintendent to a Northern project located in Connecticut. Affidavit of Ed Kirsch at ¶ 37.

57. Allen Interior Systems also remitted payment to at least one subcontractor of State Line, in connection with a State Line project in Manchester. Affidavit of Ed

Kirsch at ¶ 38.

58. Specifically, Allen Interior Systems paid $47,700.00 to State Line subcontractor Island International on or about December 23, 2003. Affidavit of Ed Kirsch at ¶ 39.

59. A review of the check, and the accompanying Application and Certification for Payment, confirms that the payment pertains to State Line's Manchester project, and that Island International contracted with State Line, not Allen Interior Systems. Affidavit of Ed Kirsch at ¶ 40.

60. Upon information and belief, Allen Interior Systems was not directly responsible for the Manchester project in any manner. Affidavit of Ed Kirsch at ¶ 41.

61. Nonetheless, Allen Interior Systems satisfied the payables of its co-indemnitor State Line with respect to this project. Affidavit of Ed Kirsch at ¶ 42.

62. This significant involvement of Allen Interior Systems on projects for which its co-indemnitors were responsible is indicative of a joint undertaking amongst the indemnitors on the bonded projects. Affidavit of Ed Kirsch at ¶ 43.

63. The Resolutions, executed by the principals of each co-indemnitor, including Guy Allen, indicate that Allen Interior Systems, Northern, and State Line are "materially interested by reason of common ownership" in securing indemnity from Great American. Affidavit of Ed Kirsch at ¶ 44.

64. Notwithstanding projects bonded on behalf of Allen's co-indemnitors, Great American issued several bonds directly on behalf of Allen Interior Systems. Affidavit of Ed Kirsch at ¶ 45.

65. The Allen Defendants acknowledge having received bonds on two projects: (1) Brooksby Village, issued on April 26, 2002; and (2) Concord Hospital Cancer Center, issued on May 6, 2002. Affidavit of Ed Kirsch at ¶ 46.

66. Both bonds were issued immediately following the Allen Defendants' execution of the Indemnity Agreement on April 9, 2002. Affidavit of Ed Kirsch at ¶ 47.

>Respectfully Submitted,
>**GREAT AMERICAN INSURANCE COMPANY**
>By its attorneys,
>
>/s/ Jonathan C. Burwood
>_____
>Bradford R. Carver, BBO #565396
>Jonathan C. Burwood, BBO #643674
>Hinshaw & Culbertson LLP
>One International Place, 3rd Floor
>Boston, MA 02110
>(617) 213-7000

Date: December 14, 2005

## CERTIFICATE OF SERVICE

I, Jonathan C. Burwood, BBO #643674, hereby certify that on this 14th day of December, 2005, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, and/or electronic filing, on the following counsel of record:

William S. Gannon, Esq.  
889 Elm Street  
Manchester, NH 03101  

David W. Carr, Esq.  
4 Newman Way  
Arlington, MA 02174  

Richard B. Couser, Esq.  
D'Amante Couser Steiner Pellerin, P.A.  
Nine Triangle Park Drive  
P.O. Box 2650  
Concord, NH 03302-2650

-12-

/s/ Jonathan C. Burwood

_____

Jonathan C. Burwood, BBO #643674
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

34016165v1 856557