UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>   Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>   Defendants. | Civil Action No. 04-10756 (MEL) |

### GREAT AMERICAN INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES TO DEFENDANT GUY ALLEN

Plaintiff Great American Insurance Company ("Great American"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 33.1, and Rules 2.05 and 2.06 of the Expense and Delay Reduction Plan, hereby propounds the following interrogatories upon Defendant Guy Allen.

### GENERAL DEFINITIONS AND INSTRUCTIONS

1. These interrogatories are to be answered in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules.

2. All interrogatories contained herein must be answered separately and fully in writing, under penalties of perjury, and any objections to any interrogatories contained herein must state the reasons for such objection with sufficient particularity.

3. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the defendant is required to supplement any response as is provided for under that rule.

1

4.  Great American hereby incorporates by reference the general definitions set forth in Local Rule 26.5(C) and Rule 2.06(c) of the Expense and Delay Reduction Plan.

## SPECIFIC DEFINITIONS

"You," "Your," and "Yourself" means the party(s) to whom these interrogatories are directed, the person answering these interrogatories on their behalf, and any present or former officer, employee, agent, servant, representative or other person acting for or on behalf of said parties.

"Agreement" means any express or implied, written or oral, formal or informal contract, agreement, arrangement or understanding of any kind, including any schedule, addendum, exhibit or amendment incorporated therein by reference, and any amendment thereto or modification thereof.

The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

Words used in the singular shall, where the context permits be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender, where the context permits, be deemed to include the feminine gender.

"Complaint" shall mean the complaint filed by Great American in the present action.

"Answer" means the answer filed by Guy Allen in the present action.

"Indemnity Agreement" means the Agreement of Indemnity executed on or about April 9, 2002 in favor of Great American that is the subject of the present action.

"Indemnity Documents" means the Indemnity Agreement, the Resolutions, and/or the Non Transfer of Assets Agreements attached as <u>Exhibit A</u> to the Complaint in this action.

"Allen Interior Systems, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

"DRN, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

"State Line Drywall, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the person(s) responding to these Interrogatories and all persons who assisted in preparing the responses by name, business address, residential address, and position of employment.

**ANSWER:**

| | |
|---|---|
| Business: | Guy Allen, President<br>Allen Interior Systems<br>836 Candia Road - Unit 10<br>Manchester, NH 03109 |
| Residence: | 511 Borough Road<br>Pembroke, NH 03275 |

## INTERROGATORY NO. 2

With respect to each and every document requested pursuant to the First Request for Production of Documents propounded by Great American to Guy Allen which has been or will be withheld under a claim of privilege or for any other reason, please provide the following information:

- a) the date of the document;
- b) the author of the document;
- c) all recipients of the document;
- d) the general subject matter of the document; and
- e) all grounds upon which Guy Allen relies for refusing to produce the document.

## ANSWER:

No documents are withheld based on a claim of privilege.

## INTERROGATORY NO. 3

Please identify any and all persons having knowledge of any facts which in any way relate to the claims and/or affirmative defenses asserted in this action, including but not limited to any and all persons whom you intend to call as non-expert witnesses at trial. Please include in your identification the following:

- a) the names of such persons;
- b) the residential addresses of such persons;
- c) the current business addresses of such persons; and

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>        Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>        Defendants. | Civil Action No. 04-10756 (MEL) |

## GREAT AMERICAN INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES TO DEFENDANT GUY ALLEN

Plaintiff Great American Insurance Company ("Great American"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 33.1, and Rules 2.05 and 2.06 of the Expense and Delay Reduction Plan, hereby propounds the following interrogatories upon Defendant Guy Allen.

## GENERAL DEFINITIONS AND INSTRUCTIONS

1. These interrogatories are to be answered in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules.

2. All interrogatories contained herein must be answered separately and fully in writing, under penalties of perjury, and any objections to any interrogatories contained herein must state the reasons for such objection with sufficient particularity.

3. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the defendant is required to supplement any response as is provided for under that rule.

1

4.     Great American hereby incorporates by reference the general definitions set forth in Local Rule 26.5(C) and Rule 2.06(c) of the Expense and Delay Reduction Plan.

## SPECIFIC DEFINITIONS

"You," "Your," and "Yourself" means the party(s) to whom these interrogatories are directed, the person answering these interrogatories on their behalf, and any present or former officer, employee, agent, servant, representative or other person acting for or on behalf of said parties.

"Agreement" means any express or implied, written or oral, formal or informal contract, agreement, arrangement or understanding of any kind, including any schedule, addendum, exhibit or amendment incorporated therein by reference, and any amendment thereto or modification thereof.

The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

Words used in the singular shall, where the context permits be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender, where the context permits, be deemed to include the feminine gender.

"Complaint" shall mean the complaint filed by Great American in the present action.

"Answer" means the answer filed by Guy Allen in the present action.

"Indemnity Agreement" means the Agreement of Indemnity executed on or about April 9, 2002 in favor of Great American that is the subject of the present action.

"Indemnity Documents" means the Indemnity Agreement, the Resolutions, and/or the Non Transfer of Assets Agreements attached as <u>Exhibit A</u> to the Complaint in this action.

2

"Allen Interior Systems, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

"DRN, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

"State Line Drywall, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify the person(s) responding to these Interrogatories and all persons who assisted in preparing the responses by name, business address, residential address, and position of employment.

**ANSWER:**

Business:    Guy Allen, President
             Allen Interior Systems
             836 Candia Road - Unit 10
             Manchester, NH 03109

Residence:   511 Borough Road
             Pembroke, NH 03275

3

## INTERROGATORY NO. 2

With respect to each and every document requested pursuant to the First Request for Production of Documents propounded by Great American to Guy Allen which has been or will be withheld under a claim of privilege or for any other reason, please provide the following information:

- a) the date of the document;
- b) the author of the document;
- c) all recipients of the document;
- d) the general subject matter of the document; and
- e) all grounds upon which Guy Allen relies for refusing to produce the document.

## ANSWER:

No documents are withheld based on a claim of privilege.

## INTERROGATORY NO. 3

Please identify any and all persons having knowledge of any facts which in any way relate to the claims and/or affirmative defenses asserted in this action, including but not limited to any and all persons whom you intend to call as non-expert witnesses at trial. Please include in your identification the following:

- a) the names of such persons;
- b) the residential addresses of such persons;
- c) the current business addresses of such persons; and

d) the business addresses of such persons, at the time that such persons acquired knowledge of facts pertaining to this case.

e) a summary of the facts known by such persons which relate to the claims and/or defenses asserted in this action.

**ANSWER:**

See my Rule 26 disclosure. I do not know at this time who I may call at trial. I presume Serge Roy and Jacques Valence may have relevant knowledge but I don't know the extent of their knowledge or recollection, if any. Identifying information for them is as well known to the plaintiff as to me.

**INTERROGATORY NO. 4**

Please identify all experts whom you intend to call at the time of trial in this matter, including the substance of the facts and opinions to which each expert is expected to testify, a summary of the grounds for each such opinion, and the subject matter on which each expert is expected to testify.

**ANSWER:**

None at this time. Expert disclosures will be made within the time called for by the Scheduling Conference Order.

**INTERROGATORY NO. 5**

Please state whether Guy Allen signed the Indemnity Documents.

**ANSWER:**

Guy Allen did not sign the Indemnity Documents.

5

## INTERROGATORY NO. 6

Please state whether Guy Allen observed or was aware of one or more person(s) signing the Indemnity Documents. If so, please identify that person or persons and the circumstances associated with each such person's signing of the Indemnity Documents.

## ANSWER:

Guy Allen did not observe and was not aware of any persons signing the Indemnity documents.

## INTERROGATORY NO. 7:

Please identify any and all facts known to Guy Allen regarding execution of the Indemnity Documents, including but not limited to:

    a)    the identity of all persons who executed the Indemnity Documents;

    b)    the identity of all persons with knowledge regarding execution of the Indemnity Documents and the basis of that knowledge;

    c)    the identity of the specific date(s) the Indemnity Documents were executed;

    d)    the identity of the location(s) at which the Indemnity Documents were executed.

## ANSWER:

    a)    I have no knowledge beyond what appears from reading the documents on their face, which knowledge is equally available to the plaintiff.

    b)    See answer to Interrogatory 7.a).

    c)    See answer to Interrogatory 7.a).

    d)    I don't know.

### INTERROGATORY NO. 8:

Please state whether Guy Allen is aware of the existence of any facsimile stamp bearing the signature of Guy Allen. If so, please identify:

    a)    the date and manner Guy Allen became aware of the existence of such a stamp;

I was aware of the existence of the facsimile stamp from the time it was made.

    b)    the person(s) responsible for custody/control of the stamp on or about April 9, 2002;

    c)    any person(s) ever authorized to use the stamp on behalf of Allen Interior Systems, Inc.;

    d)    all person(s) authorized to use the stamp on behalf of Allen Interior Systems, Inc. on or about April 9, 2002.

    e)    all person(s), authorized or not, known to have ever used the stamp.

### ANSWER:

    a)    I was aware of the existence of the facsimile stamp from the time it was made. I do not recall when that was.

    b)    The stamp was located in the office of Allen Interior Systems, Inc. No one had specific responsibility for custody or control of it.

    c)    Guy Allen; Brenda Smith at Guy Allen's specific direction.

    d)    Guy Allen.

    e)    Guy Allen; Brenda Smith

**INTERROGATORY NO. 9**

Please identify the circumstances associated with Guy Allen first becoming aware of his indemnity obligation to Great American.

**ANSWER:**

Guy Allen does not have an indemnity obligation to Great American. He first became aware of the claim of such an obligation by telephone call and facsimile from Ed Kirsch during or about February, 2004.

**INTERROGATORY NO. 10**

Please identify all bonds issued by Great American at the request of or on behalf of Allen Interior Systems, Inc.

**ANSWER:**

This information is equally available to plaintiff. To the best of my knowledge:

Gilbane Building Company
Concord Hospital Cancer Center
May 6, 2002

Beaver Builders
Brooksby Village
April 16, 2002

**INTERROGATORY NO. 11**:

Please identify all guaranty or indemnity agreements, similar in form or purpose to the Indemnity Agreement at issue in this case, which obligated Guy Allen in any way to a bank, insurance company, or surety, including in your answer the name and address of the bank, insurance company, or surety to whom you obligated yourself, and the date Guy Allen signed each document.

8

**ANSWER:**

None.

**INTERROGATORY NO. 12**

Please identify any and all communications Guy Allen had with any representative, agent, or employee of Skillings Shaw & Associates, Inc. and/or Aspen Insurance Agency relative to securing bonding from Great American and the indemnity obligation associated therewith.

**ANSWER:**

None

**INTERROGATORY NO. 13**:

Please identify any agreements, either verbal or written, entered into between indemnitors Guy Allen, Serge Roy, Jacques Valence, Allen Interior Systems, Inc., DRN, Inc., and/or State Line Drywall, Inc. (the "Indemnitors") relative to securing bonding from Great American and the indemnity obligation associated therewith.

**ANSWER:**

None.

**INTERROGATORY NO. 14**:

Please identify any interest ever held by Guy Allen in DRN, Inc. and/or State Line Drywall, Inc.

**ANSWER:**

None.

9

## INTERROGATORY NO. 15

Please state the basis for your affirmative defense set forth in Paragraph 46 of your Answer that Great American's claims are barred by the doctrine of estoppel, specifically equitable estoppel and estoppel by laches.

### ANSWER:

Guy Allen had no knowledge of the facts of the alleged Indemnity Agreement, was not made aware of it by Great American, and is not chargeable with notice of these facts.

## INTERROGATORY NO. 16

Please state the basis for your affirmative defense set forth in Paragraph 47 of your Answer that Great American's claims are barred by the doctrine of laches.

### ANSWER:

Great American did not make Guy Allen aware of the alleged Indemnity Agreement until long after the jobs that came into default had been in process and the contractors had defaulted.

## INTERROGATORY NO. 17

Please state the basis for your affirmative defense set forth in Paragraph 48 of your Answer that Great American's claims may be barred by application of the Uniform Commercial Code.

### ANSWER:

This Interrogatory is objected to, to the extent that this interrogatory calls for a conclusion of law. Without waiving the objection, the supposed signature of Guy Allen is

without authority and includes a forgery. It is also filed in the wrong jurisdiction and incorrectly states the address of Allen Interior Systems, Inc.

### INTERROGATORY NO. 18

Please state the basis for your affirmative defense set forth in Paragraph 49 of your Answer that Great American's damages are the result of action by third parties for whose conduct the Defendants have no legal responsibility.

### ANSWER:

The damages to the plaintiff were caused by defaults by DRN, Inc. dba Northern Interior Systems and Stateline Drywall, Inc. Defendants have no legal responsibility for the defaults of these unrelated entities.

### INTERROGATORY NO. 19

Please state the basis for your affirmative defense set forth in Paragraph 50 of your Answer that Great American failed to comply with normal and accepted business practices.

### ANSWER:

Plaintiff apparently went forward with substantial contract bonding for DRN, Inc. dba Northern Interior Systems, and Stateline Drywall, Inc. To the extent that it relied on the Indemnity Agreement in doing so, it accepted an agreement that Guy Allen and Allen Interior Systems, Inc. had not signed and of which they were unaware, based on signatures that were obviously facsimiles and not real, and with no communication with the purported signatories. There is no course of dealing between Guy Allen and Great American to justify reliance on an unsigned indemnity agreement. Great American then spurned their offer to complete the

defaulted projects on a modest cost-plus basis and plunged into what appears to have been greatly excessive costs to complete the projects.

### INTERROGATORY NO. 20

Please state the basis for your affirmative defense set forth in Paragraph 51 of your Answer that Great American's damages are the result of a failure by Great American to mitigate said damages.

### ANSWER:

Allen Interior Systems, Inc. offered to complete the projects for cost plus 5% profit and 10% overhead. The plaintiff refused the offer and appears to have had the projects completed at substantially greater cost.

### INTERROGATORY NO. 21

Please state the basis for your affirmative defense set forth in Paragraph 52 of your Answer that Great American's claims are contrary to public policy.

### ANSWER:

Objection to the extent this interrogatory calls for a conclusion of law. It is contrary to public policy to hold an individual and entity liable on a contract that they did not agree to, of which they received no notice, and from which they derived no benefit.

### INTERROGATORY NO. 22

Please state the basis for your affirmative defense set forth in Paragraph 53 of your Answer that Great American's claims are barred by the doctrine of failure of consideration.

**ANSWER:**

Objection to the extent this interrogatory calls for a conclusion of law. Allen Interior Systems, Inc. and Guy Allen received no consideration for the asserted contract.

**INTERROGATORY NO. 23**

Please state the basis for your affirmative defense set forth in Paragraph 54 of your Answer that Great American's claims are barred by application of the doctrine of waiver.

**ANSWER:**

Objection to the extent this interrogatory calls for a conclusion of law. See Answers to Interrogatories 15, 16, 19 and 20.

Dated: 1/19/05

_____
Guy Allen

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Personally appeared the above-named Guy Allen and acknowledged the foregoing answers to interrogatories to be true and correct to the best of his knowledge and belief.

Before me,

_____
~~Justice of the Peace~~/Notary Public
My Commission Expires:

*[Notary stamp: J. VAN BEAVER, Notary Public - State of New Hampshire, My Commission Expires June 4, 2008]*

14