## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>        Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>        Defendants. | )<br>)<br>)<br>) Civil Action No. 04-10756 (MEL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## GREAT AMERICAN INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLEN INTERIOR SYSTEMS, INC.

Plaintiff Great American Insurance Company ("Great American"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, Local Rule 34.1, and Rule 2.06 of the Expense and Delay Reduction Plan, hereby requests that Defendant Allen Interior Systems, Inc. produce the following documents for inspection and copying within thirty (30) days at the offices of Cetrulo & Capone LLP, Two Seaport Lane, 10th Floor, Boston, MA 02210.

## GENERAL DEFINITIONS

As used in the individual Requests below, the following defined terms shall be construed to the fullest extent under the Federal Rules and in accordance with the following definitions:

1.    The term "document" is used in its broad sense and encompasses all materials contemplated by the Federal Rules including, but not limited to: letters, e-mails, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences; interoffice and intra office communications of all types; insurance policies; pension plans; laboratory records and notebooks; drawings, blueprints, flow sheets, graphs, projections,

1

sketches, charts, data and worksheets; photographs, videotapes, movies and recordings; books, catalogs, and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes and reports of meetings of directors, officers or executive boards of committees; advertising and promotional literature and press releases; checks, canceled checks, receipts and all other records of payments; microfilm of documents that may have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

2.      The term "communication" means the transmittal by any method of any information, in the form of facts, ideas, inquiries, or otherwise, whether by speech, signal or writing, including but not limited to memoranda and conversations in person, by telephone, and by any other means (such as e-mail).

3.      "Identify" means when used in reference to:

a.      document(s) - the:

    i.      type of document;

    ii.     general subject matter;

    iii.    date of the document; and

    iv.     author(s), addressee(s), and recipient(s).

b.      communication(s) - the:

    i.      form of communication;

    ii.     persons making and receiving the communication;

    iii.    date of the communication; and

    iv.     substance of the communication.

2

    c.      natural person - his or her:

        i.      full name;

        ii.      present or last known residential address;

        iii.      present or last known business address;

        iv.      position, business affiliation, and job description at the time in question, with respect to the interrogatory involved; and

        v.      if applicable, his business name or d/b/a in the geographic area in which he...

    d.      corporation - its:

        i.      full name;

        ii.      state of incorporation;

        iii.      address of its principal place or places of business; and

        (iv)      types of business in which it is engaged.

    e.      company, association, partnership, or any other entity not a natural person or corporation - its:

        i.      full name;

        ii.      address or principal place or places of business; and

        iii.      types of business in which it is engaged.

4.      The terms "relate to," "relating to," and "relative to" mean concerning, referring to, relating to, reporting, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting and/or constituting.

5.      "Correspondence" shall include, but shall not be limited to, any letter, telegram, telex, TWX, notice, message, memorandum or other written communication or transcription or notes of a communication.

6.     "Person" shall mean and refer to any individual, corporation, partnership, joint venture, sole proprietorship, company or other entity.

## SPECIFIC DEFINITIONS

As used in the individual Requests below, the following defined terms shall be construed in accordance with the following definitions:

1.     The term "Great American" means the Plaintiff, Great American Insurance Company, and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

2.     The terms "you," or "your" mean the Defendant Allen Interior Systems, Inc.

3.     The term "Indemnity Agreement" means the Agreement of Indemnity executed on or about April 9, 2002 in favor of Great American that is the subject of the present action.

4.     The term "Indemnity Documents" means the Indemnity Agreement, the Resolutions, and/or the Non Transfer of Assets Agreements attached as Exhibit A to the Complaint in this action.

5.     The term "Allen Interior Systems, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

6.     The term "DRN, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

7.     The term "State Line Drywall, Inc." means any principal, agent, servant, employee or representative of same, including but not limited to any attorney, accountant or

4

consultant employed by or on behalf of same.

## SPECIFIC INSTRUCTIONS

1.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing so as to require further and supplemental responses and production and/or correction, if you obtain or discover additional responsive documents after the time of initial response or production.

2.    If any document is withheld under a claim of privilege or on any other basis, you must furnish a log or list describing each withheld document, together with the following information sufficient to test the applicability of the claim of privilege or other basis of non-production:

a)    the type of document and number of pages;

b)    the date of the document, if known;

c)    the title of the document;

d)    the author(s) of the document;

e)    the intended and actual recipients of the document;

f)    the general subject matter of the document; and

g)    the privilege or protection claimed.

3.    If any document required to be produced by these requests has been destroyed, identify each such document and to state to the extent known:

a)    the type of document and number of pages;

b)    the date of the document, if known;

c)    the title of the document;

d)    the author(s) of the document;

e)    the intended and actual recipients of the document;

f)    the general subject matter of the document; and

g)    the circumstances of its destruction.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1:

All documents identified or relied upon by Allen Interior Systems, Inc., or anyone on its behalf, in providing answers to Great American's First Set of Interrogatories.

**ANSWER:**    See documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment and attached documents.

### REQUEST NO. 2:

All documents which in any way relate to the claims and/or affirmative defenses asserted in this action.

**ANSWER:**    See documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment and attached documents.

### REQUEST NO. 3:

All documents relating in any way to the bonds issued by Great American on behalf of Allen Interior Systems, Inc.

**ANSWER:**    See response to Request No. 1.

**REQUEST NO. 4:**

All documents evidencing or relating to the Indemnity Documents and/or the indemnity obligation of Allen Interior Systems, Inc. to Great American.

**ANSWER:**    None.

**REQUEST NO. 5:**

All documents evidencing or relating in any way to communications Allen Interior Systems, Inc. had with any representative of Skillings, Shaw & Associates, Inc. and/or Aspen Insurance Agency relative to securing bonding from Great American and the indemnity obligation associated therewith.

**ANSWER:**    None.

**REQUEST NO. 6:**

All documents evidencing or relating to any guaranty or indemnity agreement, similar in form or in purpose to the Indemnity Agreement at issue in this case, which obligated Allen Interior Systems, Inc. in any way to a bank, insurance company, or surety.

**ANSWER:**    None.

**REQUEST NO. 7:**

All documents relating to any interests held by Allen Interior Systems, Inc., at any time, in State Line Drywall, Inc. and/or DRN, Inc.

**ANSWER:**    None.

**REQUEST NO. 8:**

All documents relating to any interests held by State Line Drywall, Inc., DRN, Inc., Serge Roy, Debra Roy, or Jacques Valence, in Allen Interior Systems, Inc.

**ANSWER:**    None.

**REQUEST NO. 9:**

All documents that constitute, reflect, or otherwise relate to any communications and/or agreements between indemnitors Allen Interior Systems, Inc., Guy Allen, Serge Roy, Jacques Valence, Allen Interior Systems, Inc., DRN, Inc., and/or State Line Drywall, Inc. relative to securing bonding from Great American and the indemnity obligation associated therewith.

**ANSWER:**    Objected to as vague and overbroad. Without waiving the objection, see documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. Defendant does not know what other documents may be introduce into evidence at the trial of this matter.

**REQUEST NO. 10:**

All documents that you intend to introduce into evidence at the trial of this matter.

**ANSWER:**    None at this time.

**REQUEST NO. 11:**

All documents provided by Allen Interior Systems, Inc. or any of its attorneys or representatives to any expert witness who may be expected to testify on behalf of Allen Interior Systems, Inc. at trial.

    **ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 12:**

All documents that support or relate to your denial of the allegations contained in Paragraph 11 of Great American's Complaint in this action.

    **ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 13:**

All documents that support or relate to your denial of the allegations contained in Paragraph 12 of Great American's Complaint in this action.

    **ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 14:**

All documents that support or relate to your denial of the allegations contained in Paragraph 13 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 15:**

All documents that support or relate to your denial of the allegations contained in Paragraph 14 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 16:**

All documents that support or relate to your denial of the allegations contained in Paragraph 15 of Great American's Complaint in this action.

**ANSWER:**    See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 17:**

All documents that support or relate to your denial of the allegations contained in Paragraph 18 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 18:**

All documents that support or relate to your denial of the allegations contained in Paragraph 19 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 19:**

All documents that support or relate to your denial of the allegations contained in Paragraph 20 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 20:**

All documents that support or relate to your denial of the allegations contained in Paragraph 21 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 21:**

All documents that support or relate to your denial of the allegations contained in Paragraph 22 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 22:**

All documents that support or relate to your denial of the allegations contained in Paragraph 23 of Great American's Complaint in this action.

**ANSWER:**     See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 23:**

All documents that support or relate to your denial of the allegations contained in Paragraph 24 of Great American's Complaint in this action.

**ANSWER:**     See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 24:**

All documents that support or relate to your denial of the allegations contained in Paragraph 25 of Great American's Complaint in this action.

**ANSWER:**     See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 25:**

All documents that support or relate to your denial of the allegations contained in Paragraph 26 of Great American's Complaint in this action.

**ANSWER:**     See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 26:**

All documents that support or relate to your denial of the allegations contained in Paragraph 28 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 27:**

All documents that support or relate to your denial of the allegations contained in Paragraph 29 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 28:**

All documents that support or relate to your denial of the allegations contained in Paragraph 30 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 29:**

All documents that support or relate to your denial of the allegations contained in Paragraph 32 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 30:**

All documents that support or relate to your denial of the allegations contained in Paragraph 33 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 31:**

All documents that support or relate to your denial of the allegations contained in Paragraph 35 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

14

**REQUEST NO. 32:**

All documents that support or relate to your denial of the allegations contained in Paragraph 36 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 33:**

All documents that support or relate to your denial of the allegations contained in Paragraph 37 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 34:**

All documents that support or relate to your denial of the allegations contained in Paragraph 39 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 35:**

All documents that support or relate to your denial of the allegations contained in Paragraph 41 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 36:**

All documents that support or relate to your denial of the allegations contained in Paragraph 43 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment.

**REQUEST NO. 37:**

All documents that support or relate to your denial of the allegations contained in Paragraph 44 of Great American's Complaint in this action.

**ANSWER:**    See the Indemnity Agreement and documents attached to Guy Allen and Allen Interior Systems, Inc.'s Motion for Summary Judgment. See letter of Guy Allen to E. Kirsch of 2/27/04 and letter of Bryan Pellerin to Bradford R. Carver of 3/19/04.

**REQUEST NO. 38:**

All documents that support or relate to your denial of the allegations contained in Paragraph 45 of Great American's Complaint in this action.

**ANSWER:**    See Responses to preceding requests.

16

**REQUEST NO. 39:**

All documents that support or relate to any of the affirmative defenses asserted by Allen Interior Systems, Inc. in response to Great American's Complaint in this action.

    **ANSWER:**   See Responses to preceding requests.

Respectfully submitted,


Allen Interior Systems, Inc.
And
Guy Allen

D'Amante Couser Steiner Pellerin, PA
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH  03302-2650
(603) 224-6777

Dated:      1/20/05

Richard B. Couser, Esq.
BBO No.: 645543

18

# PLAINTIFF
# ALLEN INTERIOR
# SYSTEMS, INC.

# RESPONSE TO

# REQUESTS NO: 1

Subcontract Performance Bond Form A:
Recommended for use where the General Contractor has
filed Performance and Labor and Material Payment Bonds
approved by the American Institute of Architects, AIA
Form No. - Document No. A-311
Revised to Dec. 1, 1960

Bond No. FS59149550

## SUBCONTRACT PERFORMANCE BOND FORM A

Know All Men By these Presents:
That    **ALLEN INTERIOR SYSTEMS, INC.**
        **511 BOROUGH ROAD**
        **PEMBROKE, NH 03275**

as Principal, hereinafter called Principal, and the **GREAT AMERICAN INSURANCE COMPANY**
a corporation organized and existing under the laws of the State of **Ohio**
with its principal office in the City of   **174 SOUTH FREEPORT ROAD SOUTH FREEPORT, ME 04078**
as Surety, hereinafter called Surety, are held and firmly bound unto **BEAVER BUILDERS LLC,536 GRANITE STREET,
BRAINTREE, MA 02184**

as Obligee, hereinafter called Obligee, in the amount of

 **ONE MILLION ONE HUNDRED SIXTY SIX THOUSAND THREE HUNDRED AND 00/100** Dollars

($ **1,166,300.00)**
for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns,
jointly and severally, firmly by these presents.

Whereas, Principal has by written agreement dated  **1/04/2002** entered into a subcontract with the Obligee for
**DRYWALL, METAL STUDS, AND INSULATION AT BROOKSBY VILLAGE, PEABODY, MA, PROJECT NO. 7010,
CONTRACT NO. 7010ALLE.**
in accordance with drawings and specifications prepared by
which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

Now, therefore, the Condition of this Obligation is such that, if Principal shall promptly and faithfully perform same subcontract,
then his obligation shall be null and void; otherwise it shall remain in full force and effect.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed
Obligee's obligations thereunder:

(1)    Surety may promptly remedy the  default subject to the provisions of paragraph 3 herein, or;
(2)    Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee may arrange for the perfor-
       mance of  Principal's obligation  under the  subcontract subject to the provisions of paragraph 3  herein;
(3)    The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of  com-
       pleting performance of the  subcontract. If completed by the  Obligee, and the  reasonable cost exceeds the
balance of the subcontract price,  the Surety shall pay to the Obligee such excess,  but in no  event shall the
aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies
the default, that portion of the balance of the subcontract price as may be rquired to complee the subcontract
or remedy the default and o reimburse the Surety for its outlays shall be paid to the Surety at the times and
the manner as said sums would have been payable to Principal had there been no default under the subcontract.
The term "balance of the subcontract price", as used in this paragraph, shall mean the total amount payable by
Obligee to Principal under the subcontract and any amendments thereto, less the amounts heretofore properly
paid by Obligee under the subcontract.
Any suit under this bond must be  instituted before the  expiration of two years from date on which final payment  under
the subcontract falls due.
No right of action shall accrue on this bond to or for the use of any person or corporation other that the Obligee named herein or
the heirs, executors, administrators or successors of the Obligee

Signed and sealed this **16th** day of **April** A.D., **2002.**

Witness (if Individual) ~~Brenda Smith~~ _____     Principal **ALLEN INTERIOR SYSTEMS, INC.**
Attest _____

                                                      Surety   ~~GREAT AMERICAN INSURANCE COMPANY~~

Witness _____ *Nancy Castonguay* _____

                                                      **ROBERT E. SHAW, JR.**, Attorney-in-Fact

Subcontract Performance Bond Form A.
Recommended for use where the General Contractor has
filed Performance and Labor and Material Payment Bonds
approved by the American Institute of Architects, AIA
Form No. - Document No. A-311
Revised to Dec. 1, 1960

Bond No. FS59149550

## SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND

Know All Men By these Presents:

That      **ALLEN INTERIOR SYSTEMS, INC.**
          **511 BOROUGH ROAD**
          **PEMBROKE, NH 03275**

as Principal, hereinafter called Principal, and the **GREAT AMERICAN INSURANCE COMPANY**
a corporation organized and existing under the laws of the State of **Ohio**
with its principal office in the City of **174 SOUTH FREEPORT ROAD SOUTH FREEPORT, ME 04078 - (207)865-4440**
as Surety, hereinafter called Surety, are held and firmly bound unto **BEAVER BUILDERS LLC, 536 GRANITE STREET, BRAINTREE, MA 02184**
as Obligee, hereinafter called Obligee, in the amount of
**ONE MILLION ONE HUNDRED SIXTY SIX THOUSAND THREE HUNDRED AND 00/100** Dollars (**$ 1,166,300.00**)
for the payment whereof Principal and Surty bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

Whereas, Principal has by written agreement dated **1/04/2002** entered into a subcontract with the Obligee for
**DRYWALL, METAL STUDS, AND INSULATION AT BROOKSBY VILLAGE, PEABODY, MA, PROJECT NO. 7010, CONTRACT NO. 7010ALLE.**
in accordance with drawings and specifications prepared by
which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

Now, Therefore, the Condition of this Obligation is such that if the principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1)    A claimant is defined as one having a direct contract wit the Principal for labor, material or both, used  or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

(2)    The above-named principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The obligee shall not be liable for the payment of any costs or expenses of any such suit.

(3)    No suit or action shall be commenced hereunder by any claimant.

   (a)    After the expiration of one (1) year following the date on which Principal ceased work on said subcontract, being understood, however, that if any limitation embodied in this bond is prohibited by any law controling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

   (b)    Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

(4)    The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this **16th** day of **April** A.D., **2002**.

| Witness (if Individual) | Principal **ALLEN INTERIOR SYSTEMS, INC.** |
|---|---|
| Attest | |

| | Surety   **GREAT AMERICAN INSURANCE COMPANY** |
|---|---|
| Witness  *Nancy Castonguay* | **ROBERT E. SHAW, JR.,** Attorney-In-Fact |

# GREAT AMERICAN INSURANCE COMPANY®

**580 WALNUT STREET • CINCINNATI, OHIO 45202 • 513-369-5000 • FAX 513-723-2740**

The number of persons authorized by
this power of attorney is not more than    FIVE

No. 0    17106

## POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:** That the GREAT AMERICAN INSURANCE COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Ohio, does hereby nominate, constitute and appoint the person or persons named below its true and lawful attorney-in-fact, for it and in its name, place and stead to execute in behalf of the said Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; provided that the liability of the said Company on any such bond, undertaking or contract of suretyship executed under this authority shall not exceed the limit stated below.

| Name | Address | Limit of Power |
|---|---|---|
| Robert E. Shaw, Jr.   Susanne D. Ochesenbein All of | | All |
| David H. Skillings | S. Freeport, ME | Unlimited |
| Louis E. Dearborn | | |
| Sharon K. Martel | | |

This Power of Attorney revokes all previous powers issued in behalf of the attorney(s)-in-fact named above.

**IN WITNESS WHEREOF** the GREAT AMERICAN INSURANCE COMPANY has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this    30th    day of    November    , 2000

Attest

*Assistant Secretary*

GREAT AMERICAN INSURANCE COMPANY

*Vice President*

**STATE OF OHIO, COUNTY OF HAMILTON — ss:**

On this    30th    day of    November, 2000    , before me personally appeared DOUGLAS R. BOWEN, to me known, being duly sworn, deposes and says that he resided in Cincinnati, Ohio, that he is the Vice President of the Bond Division of Great American Insurance Company, the Company described in and which executed the above instrument; that he knows the seal; that it was so affixed by authority of his office under the By-Laws of said Company, and that he signed his name thereto by like authority.

WALFEEN DOUGHERTY
Notary Public, State of Ohio
My Commission Expires Aug. 12, 2001

This Power of Attorney is granted by authority of the following resolutions adopted by the Board of Directors of Great American Insurance Company by unanimous written consent dated March 1, 1993.

**RESOLVED:** That the Division President, the several Division Vice Presidents and Assistant Vice Presidents, or any one of them, be and hereby is authorized, from time to time, to appoint one or more Attorneys-In-Fact to execute on behalf of the Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; to prescribe their respective duties and the respective limits of their authority; and to revoke any such appointment at any time.

**RESOLVED FURTHER:** That the Company seal and the signature of any of the aforesaid officers and any Secretary or Assistant Secretary of the Company may be affixed by facsimile to any power of attorney or certificate of either given for the execution of any bond, undertaking, contract or suretyship, or other written obligation in the nature thereof, such signature and seal when so used being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.

## CERTIFICATION

I, RONALD C. HAYES, Assistant Secretary of Great American Insurance Company, do hereby certify that the foregoing Power of Attorney and the Resolutions of the Board of Directors of March 1, 1993 have not been revoked and are now in full force and effect.

Signed and sealed this    16TH    day of APRIL, 2002

S1029S (11/97)

Bond No. **FS5914766**

KNOW ALL MEN BY THESE PRESENTS: That **ALLEN INTERIOR SYSTEMS, INC. 511 BOROUGH ROAD, PEMBROKE, NH 03275**

(Here insert the name and address or legal title of the Contractor)

as Principal, herein after called Principal, and **GREAT AMERICAN INSURANCE COMPANY, 174 SOUTH FREEPORT ROAD, SOUTH FREEPORT, ME 04078**

(Here insert the name and address of Surety)

as Surety, hereinafter called Surety, are held and firmly bound unto **GILBANE BUILDING COMPANY**, 7 Jackson Walkway, Providence, R.I., 02940 as Obligee, hereinafter called Obligee, in the amount of Dollars ($ **1,485,000.00**), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated **3/08/2002** entered into a contract with Obligee for **DRYWALL/GENERAL TRADES IN CONNECTION WITH CONCORD HOSPITAL CANCER CENTER AND NEW MAIN ENTRANCE, 250 PLEASANT STREET, CONCORD, NH. BID PACKAGE NO. 09A. AGREEMENT NO. 17999-000.**
in accordance with drawings and specifications prepared by **TRO/RIZZO**

(Here enter full name and title)

which contract is by reference made a part hereof, and is hereinafter referred to as the contract. NOW THEREFORE THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly and faithfully perform said contract and all duly authorized modifications, alterations, changes or additions to said contract that may hereafter be made, notice to the surety of such modifications, alterations, changes or additions being hereby waived then this obligation shall be null and void: otherwise it shall remain in full force and effect.

Whenever Principal shall be and be declared by Obligee to be in default under the contract, the Obligee having performed Obligee's obligations thereunder:
(1) Surety may promptly remedy the default subject to the provisions of paragraph 3 herein or;
(2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee may arrange for the performance of Principal's obligation under the contract subject to the provisions of paragraph 3 herein;
(3) The balance of the contract price, as defined below, shall be credited against the reasonable cost of completing performance of the contract. If completed by the Obligee and the reasonable cost exceeds the balance of the contract price the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies the default, that portion of the balance of the contract price as may be required to complete the contract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the contract. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the contract and any amendments thereto, less the amounts heretofore properly paid by Obligee under the contract.

Any suit under this bond must be instituted before the expiration of (a) two years from the date on which final payment under the contract falls due; or (b) the applicable statute of limitations of the jurisdiction in which the bond is executed, whichever is later.
No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.

Signed and sealed this 6TH day of MAY, 2002

IN THE PRESENCE OF:

|  |  |
|---|---|
|  | **ALLEN INTERIOR SYSTEMS, INC.** |
|  | (Principal) |
| _____ |  |
| (Witness) |  |
|  | _____ |
|  | (Title) |
|  | **GREAT AMERICAN INSURANCE COMPANY** |
|  | (Surety) |
| _____ |  |
| (Witness) |  |
|  | _____ |
|  | (Title) |
|  | NANCY CASTONGUAY, Attorney-in-Fact |

IIIA-1

# LABOR AND MATERIAL
## PAYMENT BOND

Bond No. **FS5914766**

KNOW ALL MEN BY THESE PRESENTS: That **ALLEN INTERIOR SYSTEMS, INC., 511 BOROUGH ROAD, PEMBROKE, NH 03275**

(Here insert the name and address or legal title of the Contractor)

as Principal, herein after called Principal, and **GREAT AMERICAN INSURANCE COMPANY**

(Here insert full name and title)

as Surety, hereinafter called Surety, are held and firmly bound unto **GILBANE BUILDING COMPANY**, 7 Jackson Walkway, Providence, R.I., 02940 as Obligee, hereinafter called Obligee, in the amount of Dollars ($ **1,485,000.00**), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns jointly and severally firmly by these presents.

WHEREAS, Principal has by written agreement dated **3/08/2002** entered into a contract with obligee for **DRYWALL/GENERAL TRADES IN CONNECTION WITH CONCORD HOSPITAL CANCER CENTER AND NEW MAIN ENTRANCE, 250 PLEASANT STREET, CONCORD, NH. BID PACKAGE NO. 09A. AGREEMENT NO. 17999-000.**

in accordance with drawings and specifications prepared by **TRO/RIZZO**

(Here insert full name and title)

which contract is by reference made a part-hereof, and is hereinafter referred to as the contract. NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if the Principal shall promptly make payments to all claimants as hereinafter defined, for all labor and materials used or reasonably required for use in the performance of the contract, and all duly authorized modifications, alterations, changes or additions to said contract that may hereafter be made, notice to the surety of such modifications, alterations, changes or additions being hereby waived, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract. Labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service, rental of equipment, payroll taxes, contributions for unemployment insurance, old age pensions and annuities which are measured by wages and/or salaries directly applicable to the contract.

(2) The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimants work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant and have execution thereon. The Obligee shall not be liable for the payment of any costs or expenses of any such suit.

(3) No suit or action shall be commenced hereunder by any claimant.

(a) After the expiration of one (1) year following the date on which Principal ceased work on said contract it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

(b) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project or any part thereof is situated or in the United States District Court for the district in which the project or any part thereof, is situated, and not elsewhere.

(4) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this 6TH day of MAY, 2002

IN THE PRESENCE OF:

_____

(Witness)

**ALLEN INTERIOR SYSTEMS, INC.**

(Principal)

_____

(Title)

**GREAT AMERICAN INSURANCE COMPANY**

(Surety)

_____

(Witness)

_____

(Title)

NANCY CASTONGUAY, Attorney-in-Fact

Labor and Material Payment Bond. This bond is issued simultaneously with another bond in favor of the Obligee conditioned for the full and faithful performance of the contract.

# GREAT AMERICAN INSURANCE COMPANY®

**Administrative Office: 580 WALNUT STREET ● CINCINNATI, OHIO 45202 ● 513-369-5000 ● FAX 513-723-2740**

The number of persons authorized by
this power of attorney is not more than
FOUR

**POWER OF ATTORNEY**    No. O    17384

**KNOW ALL MEN BY THESE PRESENTS:** That the GREAT AMERICAN INSURANCE COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Ohio, does hereby nominate, constitute and appoint the person or persons named below its true and lawful attorney-in-fact, for it and in its name, place and stead to execute in behalf of the said Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; provided that the liability of the said Company on any such bond, undertaking or contract of suretyship executed under this authority shall not exceed the limit stated below.

| Name | Address | Limit of Power |
|------|---------|----------------|
| ROBERT E. SHAW, JR. | ALL OF | ALL |
| DAVID H. SKILLINGS | SOUTH FREEPORT, MAINE | UNLIMITED |
| SHARON K. MARTEL | | |
| NANCY CASTONGUAY | | |

This Power of Attorney revokes all previous powers issued in behalf of the attorney(s)-in-fact named above.

IN WITNESS WHEREOF the GREAT AMERICAN INSURANCE COMPANY has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this    13th    day of    March    2002.

Attest    GREAT AMERICAN INSURANCE COMPANY

STATE OF OHIO, COUNTY OF HAMILTON - ss:

On this    13th    day of    March, 2002    , before me personally appeared DOUGLAS R. BOWEN, to me known, being duly sworn, deposes and says that he resides in Cincinnati, Ohio, that he is the Divisional Senior Vice President of the Bond Division of Great American Insurance Company, the Company described in and which executed the above instrument; that he knows the seal of the said Company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by authority of his office under the By-Laws of said Company, and that he signed his name thereto by like authority.

This Power of Attorney is granted by authority of the following resolutions adopted by the Board of Directors of Great American Insurance Company by unanimous written consent dated March 1, 1993.

*RESOLVED: That the Division President, the several Division Vice Presidents and Assistant Vice Presidents, or any one of them, be and hereby is authorized, from time to time, to appoint one or more Attorneys-in-Fact to execute on behalf of the Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; to prescribe their respective duties and the respective limits of their authority; and to revoke any such appointment at any time.*

*RESOLVED FURTHER: That the Company seal and the signature of any of the aforesaid officers and any Secretary or Assistant Secretary of the Company may be affixed by facsimile to any power of attorney or certificate of either given for the execution of any bond, undertaking, contract or suretyship, or other written obligation in the nature thereof, such signature and seal when so used being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.*

## CERTIFICATION

I, RONALD C. HAYES, Assistant Secretary of Great American Insurance Company, do hereby certify that the foregoing Power of Attorney and the Resolutions of the Board of Directors of March 1, 1993 have not been revoked and are now in full force and effect.

Signed and sealed this    6TH    day of    MAY    , 2002.

S 1029T (11/01)

# GREAT AMERICAN INSURANCE COMPANY®
**Administrative Office: 580 WALNUT STREET ● CINCINNATI, OHIO 45202 ● 513-369-5000 ● FAX 513-723-2740**

The number of persons authorized by
this power of attorney is not more than
FOUR

## POWER OF ATTORNEY

No. 0    17384

**KNOW ALL MEN BY THESE PRESENTS:** That the GREAT AMERICAN INSURANCE COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Ohio, does hereby nominate, constitute and appoint the person or persons named below its true and lawful attorney-in-fact, for it and in its name, place and stead to execute in behalf of the said Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; provided that the liability of the said Company on any such bond, undertaking or contract of suretyship executed under this authority shall not exceed the limit stated below.

| Name | Address | Limit of Power |
|------|---------|----------------|
| ROBERT E. SHAW, JR. | ALL OF | ALL |
| DAVID H. SKILLINGS | SOUTH FREEPORT, MAINE | UNLIMITED |
| SHARON K. MARTEL | | |
| NANCY CASTONGUAY | | |

This Power of Attorney revokes all previous powers issued in behalf of the attorney(s)-in-fact named above.

IN WITNESS WHEREOF the GREAT AMERICAN INSURANCE COMPANY has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this   13th   day of   March   2002

Attest                                                                GREAT AMERICAN INSURANCE COMPANY

STATE OF OHIO, COUNTY OF HAMILTON - ss:

On this   13th   day of   March, 2002   , before me personally appeared DOUGLAS R. BOWEN, to me known, being duly sworn, deposes and says that he resides in Cincinnati, Ohio; that he is the Divisional Senior Vice President of the Bond Division of Great American Insurance Company, the Company described in and which executed the above instrument; that he knows the seal of the said Company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by authority of his office under the By-Laws of said Company, and that he signed his name thereto by like authority.

This Power of Attorney is granted by authority of the following resolutions adopted by the Board of Directors of Great American Insurance Company by unanimous written consent dated March 1, 1993.

*RESOLVED: That the Division President, the several Division Vice Presidents and Assistant Vice Presidents, or any one of them, be and hereby is authorized, from time to time, to appoint one or more Attorneys-in-Fact to execute on behalf of the Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; to prescribe their respective duties and the respective limits of their authority; and to revoke any such appointment at any time.*

*RESOLVED FURTHER: That the Company seal and the signature of any of the aforesaid officers and any Secretary or Assistant Secretary of the Company may be affixed by facsimile to any power of attorney or certificate of either given for the execution of any bond, undertaking, contract or suretyship, or other written obligation in the nature thereof, such signature and seal when so used being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.*

## CERTIFICATION

I, RONALD C. HAYES, Assistant Secretary of Great American Insurance Company, do hereby certify that the foregoing Power of Attorney and the Resolutions of the Board of Directors of March 1, 1993 have not been revoked and are now in full force and effect.

Signed and sealed this   6TH   day of   MAY   , 2002

S 1029T (11/01)

# PLAINTIFF
# GUY ALLEN'S

# RESPONSE TO

# REQUESTS NO. 2

# D'AMANTE COUSER STEINER PELLERIN, P.A.

### ATTORNEYS AT LAW
NINE TRIANGLE PARK DRIVE
PO BOX 2650
CONCORD, NH 03302-2650

RAYMOND P. D'AMANTE *
RICHARD B. COUSER **
R. JAMES STEINER
BRYAN L. PELLERIN **

March 19, 2004

TELEPHONE: (603) 224-6777
FAX: (603) 224-6696
damante@damantelaw.com

* ALSO ADMITTED IN NY
  AND CA
** ALSO ADMITTED IN MA

PARALEGALS
JOANNA T. HODGES
GENEVIEVE VAN BEAVER
MICHELE L. BACHELDER

**VIA FAX AND MAIL**
**(617) 217-5200**

Bradford R. Carver
Cetrulo & Capone LLP
Two Seaport Lane
Boston, MA 02210

Re:    **Allen Interior Systems, Inc.**

Dear Mr. Carver:

This office represents Allen Interior Systems, Inc ("Allen"). We are in receipt of your letter of March 9, 2004 to Allen, in which you identify certain bonding issues on behalf of your client, Great American Insurance Company.

Allen and its president and sole shareholder, Guy Allen, deny any and all responsibility and/or liability for the bonding issues raised in your letter for a number of reasons, which we will not elaborate upon here.

Notwithstanding the fact that Allen has no responsibility for those bonding issues, it does offer, without prejudice and for settlement purposes only, to mitigate Great American's losses by taking over and completing the jobs identified in your letter. Allen is prepared to undertake that work immediately, with the same workers previously on the job, who are familiar with each job site and the work that needs to be done to complete the jobs. If Great American is interested in mitigating its damages, which it should be, I suggest you contact me immediately to coordinate the details of Allen taking over these jobs.

I look forward to hearing from you.

Very truly yours,

Bryan L. Pellerin

BLP/ell
cc:    Guy Allen, President
       Allen Interior Systems, Inc.

N:\OFFICE\BUSINESS\Allen Interior Sys\Carver.ltr.wpd



# *Allen Interior Systems, Inc.*

511 BOROUGH ROAD
PEMBROKE, NH 03275
(603) 224-2404

E. Kirsch LLC
c/o Great American Insurance Co.
1045 Taylor Avenue
Suite 113
Baltimore, MD 21286
410-296-1891
410-296-1080 fax

Dear Ed ,

Please find the following letter in regards to the conversation we had yesterday, February 26, 2004. In order for Allen Interior Systems to commence work on the Eastern Contractors and Harvey Construction projects Northern Interiors pulled off of, the following stipulations must be met.

1. The payroll for these projects must be met every week. Allen Interiors will send an invoice on Friday and the check must be received by us on the next Monday or Tuesday.

2. Allen Interiors must hire and additional project manager to oversee these projects.

3. All material and equipment will be requested for payment every month with a check available no more than one week later.

4. All invoices will include 5% profit and 10% overhead.

5. If agreed to, Guy Allen nor Allen Interior Systems will be held responsible for any further liability or law suit that might arise or have arisen for Northern Interior Systems having pulled off of these projects.

If this letter is agreed to by the end of today, February 26, 2004, Allen Interior Systems agrees to remobilize most of these project's personnel by Monday, March 1, 2004 or Tuesday, March 2, 2004.

Sincerely,

Guy Allen
President