UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Great American Insurance Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Allen Interior Systems, Inc., DRN, Inc.<br>d/b/a Northern Interior Systems,<br>Guy Allen and Serge Roy,<br><br>　　　　Defendants. | Docket No:   04-10756(MEL) |

## AFFIDAVIT OF GUY ALLEN

Guy Allen, being duly sworn, says as follows:

1. My name is Guy Allen. I am a defendant in this matter. I have personal knowledge of the matters herein stated.

2. I have read the affidavit of Ed Kirsch filed with Plaintiff Great American Insurance Company's Opposition to Motion for Summary Judgment of Defendants Allen Interior Systems, Inc. and Guy Allen. I wish to add the following information which does not appear in my earlier affidavit.

3. Mr. Kirsch states in paragraph 26 through 29 that my claim that I was not aware of the Indemnity Agreement is inconsistent with statements I made to him in a telephone conversation on March 2, 2004. He states that in that conversation, I made inconsistent statements, first stating that I executed the Indemnity Agreement to obtain a bond from Great American and then stating that I did not know about the Indemnity Agreement. With respect to these statements:

　　A. My first language is French. While I do speak and understand English, I speak with a strong accent and Mr. Kirsch may have misunderstood me. I certainly did not tell him in the same conversation that I did execute the Indemnity Agreement and then that I didn't know about it. That would not be a rational understanding on my part or his of the conversation.

  B.  I do recall the conversation with Mr. Kirsch to which he refers. I did tell him in that conversation that I executed an agreement for a bond for my jobs, which would be true of any bonded job. I understand I would always be obligated to indemnify the surety on my jobs if it had to make payments under a bond for me. I did not tell him that I executed an indemnity agreement for anyone else. I believe Mr. Kirsch confused my acknowledging my obligation under bonds on my own jobs with the Indemnity Agreement in this case.

4. Mr. Kirsch also states in paragraphs 38 through 43 that Allen Interior Systems paid a subcontractor of State Line in connection with a State Line project in Manchester, and that this supports his argument that there was a joint undertaking between the co-indemnitors on the bonded projects. Mr. Kirsch is correct that Allen Interior Systems made such a payment, but the conclusion that he draws from this fact is erroneous. Allen Interior Systems had an account payable to Interstate Rentals, Inc. for rental of equipment, principally lifts (Allen Interior Systems does not own lifts), in the amount of $89, 228.15. It is my understanding that Interstate Rentals, Inc. was at the time owned by Serge Roy, either directly or indirectly. Serge Roy directed me to discharge this obligation in part by paying the $47,700.00 to Island International to which Mr. Kirsch refers in his affidavit, which I did. I received a credit memo from Interstate Rentals dated April 26, 2004, acknowledging payment of the debt of Allen Interior Systems to Interstate Rentals. According to the credit memo, this payment was part of a loan arrangement from Serge Roy to Stateline. The credit memo and backup summary of the account receivable from Allen Interior Systems to Interstate Rental is attached hereto as Exhibit A. I am not familiar with what other arrangements there may have been between Serge Roy, Interstate Rentals, and State Line but any transactions involving Allen Interior Systems were separately accounted for and not part of any joint undertaking between the companies.

5. Mr. Kirsch also states in paragraphs 36 and 37 that Allen Interior Systems provided manpower by supplying a project superintendent to a Northern project located in Connecticut. The only incident I am aware of to which he may be referring occurred after Great American had asserted that Allen Interior Systems was responsible for the defaulted jobs under the Indemnity Agreement. I sent a project superintendent to a job in Connecticut for one day to check out the job for the possibility that Allen Interior Systems could take over the job and finish it, being compensated by Great American for doing so. Allen Interior Systems was not hired by Great American for this purpose.

Dated: 12/21/05

_____
Guy Allen

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

    Subscribed and sworn to on this 21 day of December, 2005, before me, the undersigned officer, by the above-named Guy Allen, known to me (or satisfactorily proven).

_____
Notary Public/Justice of the Peace
My commission expires: _____

GENEVIEVE J. VAN BEAVER
Notary Public - State of New Hampshire
My Commission Expires June 4, 2008

Interstate Rentals, Inc.

722 East Industrial Park Drive, Unit #5
Manchester, NH 03109
603-622-2781
603-641-6644 fax

# Credit Memo

| DATE | CREDIT NO. |
|---|---|
| 4/26/2004 | 2023 |

**CUSTOMER**

ALLEN INTERIOR SYSTEMS
511 BOROUGH ROAD
PEMBROKE, NH 03425

| P.O. NO. | PROJECT |
|---|---|
|  |  |

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CREDIT FOR LOAN FROM SERGE ROY TO STATELINE ON THE MANCHESTER AIRPORT INVOICES, PAYEMENT MADE BY ALLEN INTERIOR |  | 89,228.15 | -89,228.15 |

**Total**  $-89,228.15

1:37 AM
4/26/04
Accrual Basis

## Interstate Rentals, Inc.
### A/R Aging QuickZoom
As of April 26, 2004

| Type | Date | Num | P.O. # | Name | Terms | Due Date | Class | Aging | Open Balance |
|---|---|---|---|---|---|---|---|---|---|
| **ALLEN INTERIOR SYSTEMS** | | | | | | | | | |
| Invoice | 2/28/2003 | 1128 | | ALLEN INTERIOR... | | 2/28/2003 | | 423 | 6,425.30 |
| Invoice | 6/19/2003 | 1373 | | ALLEN INTERIOR... | | 6/19/2003 | | 312 | 6,000.00 |
| Invoice | 8/8/2003 | 1580 | | ALLEN INTERIOR... | | 8/8/2003 | | 262 | 712.50 |
| Invoice | 8/8/2003 | 1628 | | ALLEN INTERIOR... | | 8/8/2003 | | 262 | 712.50 |
| Invoice | 8/8/2003 | 1636 | | ALLEN INTERIOR... | | 8/8/2003 | | 262 | 1,150.00 |
| Invoice | 8/12/2003 | 1642 | | ALLEN INTERIOR... | | 8/12/2003 | | 258 | 80.00 |
| Invoice | 9/3/2003 | 1669 | | ALLEN INTERIOR... | | 9/3/2003 | | 236 | 120.00 |
| Invoice | 9/3/2003 | 1670 | | ALLEN INTERIOR... | | 9/3/2003 | | 236 | 60.00 |
| Invoice | 9/9/2003 | 1682 | | ALLEN INTERIOR... | | 9/9/2003 | | 230 | 280.00 |
| Invoice | 10/9/2003 | 1746 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 1,425.00 |
| Invoice | 10/9/2003 | 1754 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 562.50 |
| Invoice | 10/9/2003 | 1770 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 1,425.00 |
| Invoice | 10/9/2003 | 1776 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 7,500.00 |
| Invoice | 10/9/2003 | 1782 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 6,000.00 |
| Invoice | 10/9/2003 | 1786 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 985.68 |
| Invoice | 10/9/2003 | 1802 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 1,687.50 |
| Invoice | 10/9/2003 | 1804 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 1,687.50 |
| Invoice | 10/9/2003 | 1810 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 900.00 |
| Invoice | 10/9/2003 | 1813 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 2,700.00 |
| Invoice | 10/9/2003 | 1815 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 728.58 |
| Invoice | 10/9/2003 | 1821 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 300.00 |
| Invoice | 10/9/2003 | 1825 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 300.00 |
| Invoice | 10/9/2003 | 1828 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 375.00 |
| Invoice | 10/9/2003 | 1829 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 375.00 |
| Invoice | 10/9/2003 | 1830 | | ALLEN INTERIOR... | | 10/9/2003 | | 200 | 375.00 |
| Invoice | 10/10/2003 | 1702 | | ALLEN INTERIOR... | | 10/10/2003 | | 199 | 2,550.00 |
| Invoice | 10/10/2003 | 1703 | | ALLEN INTERIOR... | | 10/10/2003 | | 199 | 2,239.29 |
| Invoice | 10/10/2003 | 1714 | | ALLEN INTERIOR... | | 10/10/2003 | | 199 | 625.00 |
| Invoice | 10/10/2003 | 1721 | | ALLEN INTERIOR... | | 10/10/2003 | | 199 | 1,687.50 |
| Invoice | 10/10/2003 | 1733 | | ALLEN INTERIOR... | | 10/10/2003 | | 199 | 750.00 |
| Invoice | 10/13/2003 | 1833 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 160.00 |
| Invoice | 10/13/2003 | 1845 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 3,492.93 |
| Invoice | 10/13/2003 | 1848 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 40.00 |
| Invoice | 10/13/2003 | 1850 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 80.00 |
| Invoice | 10/13/2003 | 1860 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 60.00 |
| Invoice | 10/13/2003 | 1862 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 440.00 |
| Invoice | 10/13/2003 | 1866 | | ALLEN INTERIOR... | | 10/13/2003 | | 196 | 120.00 |
| Invoice | 10/22/2003 | 1881 | | ALLEN INTERIOR... | | 10/22/2003 | | 187 | 140.00 |
| Invoice | 10/22/2003 | 1887 | | ALLEN INTERIOR... | | 10/22/2003 | | 187 | 140.00 |
| Invoice | 10/22/2003 | 1888 | | ALLEN INTERIOR... | | 10/22/2003 | | 187 | 80.00 |
| Invoice | 10/28/2003 | 1893 | | ALLEN INTERIOR... | | 10/28/2003 | | 181 | 140.00 |
| Invoice | 1/21/2004 | 1921 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 333.94 |
| Invoice | 1/21/2004 | 1929 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 2,625.00 |
| Invoice | 1/21/2004 | 1949 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 1,092.87 |
| Invoice | 1/21/2004 | 1951 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 3,155.37 |
| Invoice | 1/21/2004 | 1955 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 428.58 |
| Invoice | 1/21/2004 | 1959 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 21,000.00 |
| Invoice | 1/21/2004 | 1963 | | ALLEN INTERIOR... | | 1/21/2004 | | 96 | 1,151.79 |

Page 1

0:37 AM
4/26/04
Accrual Basis

## Interstate Rentals, Inc.
### A/R Aging QuickZoom
As of April 26, 2004

| Type | Date | Num | P.O. # | Name | Terms | Due Date | Class | Aging | Open Balance |
|---|---|---|---|---|---|---|---|---|---|
| Invoice | 1/21/2004 | 1976 | | ALLEN INTERIOR ... | | 1/21/2004 | | 96 | 1,933.85 |
| Invoice | 1/21/2004 | 1982 | | ALLEN INTERIOR ... | | 1/21/2004 | | 96 | 1,875.00 |
| **Total ALLEN INTERIOR SYSTEMS** | | | | | | | | | **89,228.18** |
| **TOTAL** | | | | | | | | | **89,228.18** |

Page 2