UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Great American Insurance Company )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>Allen Interior Systems, Inc., DRN, Inc. )<br>d/b/a Northern Interior Systems, )<br>Guy Allen and Serge Roy )<br>)<br>Defendants ) | Docket No:   04-10756(MEL) |

**MOTION TO QUASH NOTICES OF DEPOSITION**

Allen Interior Systems, Inc. and Guy Allen, defendants in the above-captioned action, move to quash notices of deposition recently served with respect to depositions of Guy Allen and Serge Roy for the following reasons:

1. Plaintiff has served notices of the deposition of Guy Allen on February 28, 2006 and Serge Roy on February 9, 2006, by notices dated January 24, 2006. Copies of said notices are attached hereto as Exhibits A and B.

2. Non-expert discovery, including depositions, closed in this matter on March 15, 2005. See Joint Statement for Scheduling Conference and court order accepting proposed pretrial schedule, both entered September 28, 2004. The case has passed the dispositive motion stage and is ready for trial.

3. Because discovery has closed in this matter, this Court should grant a motion to quash Plaintiff's efforts to notice depositions:

> To allow a party to continue with formal discovery – that is discovery which invokes the authority of the Court – whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention from the post-discovery processes of preparing a case for trial.

-1-

*Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000) (granting motion to quash document subpoena), *quoting Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997).

    4.    Further, Plaintiff has not sought an extension of the discovery schedule that would now permit it to notice a deposition nearly a year after the close of formal discovery. Nor would the facts of this case warrant such an extension. F.R.Civ.Proc. 16(b) provides: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

    5.    Local Rule 16.1 (g) provides that a scheduling order "can be modified only by order of the judge, or the magistrate judge if so authorized by the judge, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record."

    6.    As this District Court has stated,

> [T]he good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension. The requirements of good cause are more liberal than a "manifest injustice" or a "substantial hardship" test. Nevertheless, this does not mean that scheduling orders will be modified simply upon request. In the absence of some showing of why an extension is warranted, the scheduling order will control.

*Cabana v. Forcier*, 200 F.R.D. 9, 14-15 (D.Mass. 2001) (discussing Fed.R.Civ.P. 26(b) and Local Rule 16.1(G)).

    7.    Plaintiff has shown no good cause for noticing depositions nearly a year after discovery has closed. Rather, he has indicated that the failure to conduct timely discovery was a cost-saving mechanism. This simply does not meet the due diligence requirement of Local Rule 16.1(G).

    8.    Counsel have conferred and have attempted in goof faith to narrow or resolve the issue.

WHEREFORE defendants Allen Interior Systems, Inc. and Guy Allen moves this Honorable Court:

    A.    Quash the notices of deposition of Guy Allen and Serge Roy; and

    B.    Grant such other and further relief as justice may require.

        Respectfully Submitted,

        Allen Interior Systems, Inc.
        And Guy Allen

        By their attorneys,
        D'AMANTE COUSER STEINER
        PELLERIN, P.A.


        /s/   Richard B. Couser
        Richard B. Couser, Esq. (BBO: 645543)
        Nine Triangle Park Drive
        P.O. Box 2650
        Concord, NH 03302-2650


## CERTIFICATE OF SERVICE

I hereby certify that on this date I have forwarded a copy of this Motion to Quash Notices of Deposition to Jonathan C. Burwood, Esq., William S. Gannon, Esq., David W. Carr, Esq. and Grenville Clark, III, Esq.

Dated: January 31, 2006         /s/   Richard B. Couser
        Richard B. Couser, Esq. (BBO: 645543)