## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREE AMERICAN INSURANCE COMPANY,<br>      Plaintiff,<br>v.<br><br>ALLEN INTERIOR SYSTEMS, INC., DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS, GUY ALLEN, and SERGE ROY,<br>      Defendants,<br><br>ALLEN INTERIOR SYSTEMS, INC., and GUY ALLEN,<br>      Counterclaimants,<br>v.<br><br>SERGE ROY, and DRN, INC. d/b/a NORTHERN INTERIOR SYSTEMS,<br>      Counterdefendants. | Civil Action No. 04-10756 (MEL) |

### OPPOSITION OF GREAT AMERICAN INSURANCE COMPANY TO DEFENDANTS' MOTION TO QUASH NOTICES OF DEPOSITION

### AND

### MOTION OF GREAT AMERICAN INSURANCE COMPANY FOR LEAVE TO MODIFY SCHEDULING ORDER

Plaintiff Great American Insurance Company ("Great American") hereby opposes the Motion to Quash Notices of Deposition filed by Defendants Allen Interior Systems, Inc. and Guy Allen (collectively, the "Allen Defendants") on January 31, 2006. Great American further moves this Court to modify the pretrial schedule to allow Great American to conduct three (3)

depositions towards the end of further narrowing the issues for trial.[1]  In support of this request, Great American respectfully asserts as follows:

1.      On or about September 28, 2004, the Court adopted the pretrial schedule set forth in the parties' Rule 16.1 Scheduling Conference Joint Statement.  The Joint Statement called for the completion of non-expert discovery, including depositions, on or before March 15, 2005.

2.      To date, the parties have conducted written discovery, though no depositions have been taken by any party to this case.  Rather, the parties have directed their resources to attempting to resolve this action through as-yet unsuccessful settlement negotiations and summary judgment proceedings.  In this regard, the Court has entertained three (3) motions for summary judgment which have served the end of narrowing the issues presently before the Court for trial.  Specifically, the Court granted Great American summary judgment against Defendant Serge Roy on or about September 16, 2005.  Moreover, the Court has now twice denied the Allen Defendants summary judgment.  In doing so, the Court has acknowledged that questions of fact exist regarding Guy Allen's execution and knowledge of the subject indemnity agreement.  In this regard, the Court recently noted that "[t]he depositions of Serge Roy and Brenda Smith might assist in resolving some of these disputed issues."  See Endorsement, January 18, 2006.

3.      Consistent with the Court's direction, Great American hereby seeks a modification to the pretrial schedule to allow for three (3) depositions in connection with the remaining disputed issues of fact.

4.      Fed.R.Civ.P. 16(b) provides (in relevant part) that a schedule shall not be modified except upon a showing of good cause and by leave of the district judge.  Local Rule

---

[1] Great American noticed the depositions of Guy Allen and Serge Roy on January 24, 2006.  Thereafter, Great American noticed the deposition of non-party witness Brenda Smith on or about February 10, 2006.  Great American has agreed to suspend all three (3) depositions pending the Court's ruling herein.

16.1(G) provides (in relevant part) that a scheduling order can be modified only by order of the judge upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent parts of the record.

5. As evidenced by the record, specifically the Court's own rulings denying the Allen Defendants summary judgment motions, the depositions sought by Great American may assist the parties in resolving disputed issues of fact. This impact alone is sufficient to satisfy the liberal requirement of "good cause" as set forth in the federal and local rules.

6. Moreover, as no depositions have yet to be conducted, and the Court has not yet set a trial date with respect to this matter, neither the parties nor the Court will be prejudiced by allowing Great American to conduct the subject depositions. To the contrary, such depositions will likely assist the parties and the Court with respect to further resolving those issues of material fact that remain outstanding for trial. To this end, Great American respectfully requests that the Court modify the pretrial schedule pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.1(G) to allow Great American to conduct the depositions of Guy Allen, Serge Roy, and Brenda Smith within forty-five (45) days of the date of the Court's decision herein.

7. Counsel have conferred and attempted in good faith to narrow or resolve the issues set forth herein.

WHEREFORE, Plaintiff Great American Insurance Company respectfully requests that the Court:

A. Deny the Allen Defendants' Motion to Quash;

B. Grant Great American's request to modify the pretrial schedule to allow for the depositions of Guy Allen, Serge Roy, and Brenda Smith within forty-five (45) days; and

C. Grant such other and further relief as justice may require.

        Respectfully Submitted,
GREAT AMERICAN INSURANCE COMPANY
By its attorneys,


/s/ Jonathan C. Burwood
_____
Bradford R. Carver, BBO #565396
Jonathan Burwood, BBO #643674
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02210
(617) 213-7000
Fax: (617) 213-7001

Date:   February 14, 2006